588 A.2d 1347

**ROSS TOWNSHIP, Lawrence E. Binz, Thomas Lawlor, and William L. Connelly, Jr.**

**v.**

**Harry G. MENHORN, Jr., James J. Zwick and Joseph Brimmeier.**

**Appeal of ROSS TOWNSHIP, Lawrence E. Binz, and William L. Connelly, Jr., Appellants.**

**Harry G. MENHORN, Jr., James J. Zwick and Joseph Brimmeier, Appellants,**

**v.**

**ROSS TOWNSHIP, Lawrence E. Binz, Thomas Lawlor, and William L. Connelly, Jr., Appellees.**

Commonwealth Court of Pennsylvania.

Argued Oct. 1, 1990.

Decided April 5, 1991.

687

Lee V. Price, Alfred C. Maiello, Maiello, Andrews and Price, Pittsburgh, for appellants/appellees Ross Tp., et al.

John F. Cambest, W. Timothy Barry, Dattilo, Barry, Fasulo & Cambest, Pittsburgh, for appellees/appellants Harry G. Menhorn, Jr., et al.

Before CRAIG, President Judge, and DOYLE and SMITH, JJ.

DOYLE, Judge.

Before us for review are cross-appeals from an order of the Court of Common Pleas of Allegheny County which, *inter alia*, upheld the 1989 Ross Township "midnight" appointments of James J. Zwick to the Ross Township Civil Service Commission, and Joseph Brimmeier to the Ross Township Zoning Hearing Board, but vacated a similar appointment of Harry G. Menhorn, Jr. to the Girty's Run Joint Sewer Authority. In so doing the trial court concomitantly declared that Thomas Lawlor was entitled to remain as a member of the Joint Sewer Authority but that the

appointments of Lawrence E. Binz to the Civil Service Commission and William L. Connelly, Jr. to the Zoning Hearing Board were invalid.

The issue is whether a "lame duck" Board of Commissioners in a First Class Township can make appointments to the various commissions when no vacancies exist. We hold that it cannot and, therefore, affirm in part and reverse in part the order of the trial court. The effect of our Order is to vacate all of the 1989 "midnight" appointments. Because of this holding we will re-group the parties, for purposes of this opinion, into those which we will call the "midnight appointments" (Menhorn, Zwick, and Brimmeier) and those which we will call the "new Board appointments" (Lawlor, Binz, and Connelly).

The facts as stipulated by the parties are as follows. The governing body of Ross Township is a Board of Commissioners comprised of nine members. The membership of the Board was changed effective the first Monday in January, 1990 (*i.e.*, January 1, 1990) following a municipal election which was held in November, 1989. The Township's new Board of Commissioners held an organizational meeting on Tuesday, January 2, 1990, pursuant to the Section 701 of The First Class Township Code.[1]

On December 27, 1989, however, prior to the organizational meeting of the new Board, the outgoing board met and appointed Harry G. Menhorn to the Girty's Run Joint Sewer Authority, James J. Zwick to the Ross Township Civil Service Commission and Joseph Brimmeier to the Ross Township Zoning Hearing Board. None of these appointments was to be effective until January 1, 1990, because no vacancies existed until this time. In each instance, the present term, for which an appointment was made, expired on December 31, 1989. On January 2, 1990, the newly constituted Board of Commissioners rescinded the appointments of Menhorn, Zwick, and Brimmeier, and then appointed Thomas Lawlor to the Joint Sewer Authority, Lawrence E. Binz to the Civil Service Commission and William L.

1. Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. § 55701.

Connelly to the Ross Township Zoning Hearing Board. The *new* appointees and Ross Township, (collectively Petitioners) then commenced an action in quo warranto seeking a declaratory judgment to determine the rightful holder of the three offices at issue.

The trial court, by order of March 27, 1990, set aside the resolution of the Commissioners of December 27, 1989 wherein it had appointed Menhorn to the Sewer Authority, but dismissed the suit challenging the January 2, 1990 appointment of Zwick to the Civil Service Commission and Brimmeier to the Zoning Hearing Board.

The lower court reasoned that Menhorn's appointment to the Joint Sewer Authority had to be set aside because:

> As a member of the Girty's Run Joint Sewer Authority, Ross Township is entitled to appoint two (2) representatives to the Authority's governing body. The term of office for a newly appointed Boardmember, who is not filling an unexpired term created by a resignation, is for five (5) years commencing the first Monday in January. When a vacancy occurs on the Authority's Board by reason of a resignation, the successor appointee fills only the unexpired term. When the outgoing Board of Commissioners met on December 27th, 1989, two (2) vacancies on the Authority's Board had arisen by reason of resignations for terms expiring on the first Monday of January, 1991, and the first Monday of January, 1993.
>
> The outgoing Board of Commissioners appointed Defendant Menhorn to the office of Authority Boardmember for a full five (5) year term to expire on December 31st, 1994 [the term, therefore, began on January 1, 1990]. Clearly, such a term of office on the Authority Board did not exist on December 27th, 1989 at the time of Menhorn's appointment. Such appointment to a non-existent term was, therefore, improper.
>
> Further, Paragraph 8 of the Article of Incorporation of the Girty's Run Joint Sewer Authority specifically provides that, "No elected official of any participating municipality shall serve as a member of the Authority Board."

(Plaintiffs' Exhibit "A"). At the time of Menhorn's appointment on December 27th, 1989, he was an elected official serving as a Ross Township Commissioner. Because Defendant Menhorn's term on the Ross Township Board of Commissioners did not expire until December 31st, 1989 and his appointment as a Boardmember to the Authority commenced on the date of his appointment, *Menhorn had a dual tenure as a Commissioner and an Authority Boardmember.* In fact, as a Township Commissioner, Menhorn voted in favor of his own appointment as an Authority Boardmember which was effective on the date of appointment. Such a dual tenure clearly violated the Articles of Incorporation of the Girty's Run Joint Sewer Municipal Authority. Thus, the Court quashed the Motion and Resolution of December 27th, 1989 appointing Defendant Menhorn to the Authority Board and sustained the Motion and Resolution of January 2nd, 1990 appointing Plaintiff Thomas Lawlor to the Authority Board. The Court also declared that Plaintiff Lawlor's term is to expire on the first Monday of January, 1991. In so doing, the Court properly sustained the appointment of Plaintiff Lawlor to an existing vacancy on the Authority Board created by reason of a resignation and [vacancy] due to expire the first Monday of January, 1991. (Emphasis added.)

As to the other "midnight" appointments, the lower court upheld them relying on the fact that "[n]o statutory provisions prohibited these appointments ... [and] moreover, the Board of Commissioners acted in accordance with well settled past practices." The court was referring to the fact that Ross Township had been making appointments in that manner since 1969.

While the trial court's result is correct with respect to deciding between Menhorn and Lawlor in the contest for the position on the Joint Sewer Authority, *all* of the appointments on December 27, 1989 were to positions where there were no vacancies, and were, therefore, invalid.

Appointments to public positions such as those in the case presented to us here where no vacancies existed are invalid, regardless of the past practices of the local municipality because an incumbent governing body lacks the power to appoint to positions where vacancies will not occur until after the present governing body's term in office expires. Therefore, the trial court abused its discretion by not vacating all of the "midnight" appointments. Accordingly, we affirm the trial court as to Lawlor's appointment and reverse as to Zwick's and Brimmeier's appointments and concomitantly vacate all of the "midnight" appointments by the 1989 "lame duck" Board of Supervisors and hold that Lawlor, Binz and Connelly are the lawful municipal officials.

## ORDER

NOW, April 5, 1991, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed as to Lawlor's appointment and reversed as to Zwick's and Brimmeier's appointments and we concomitantly vacate all of the "midnight" appointments by the 1989 "lame duck" Board of Supervisors and hold that Lawlor, Binz, and Connelly are the proper Ross Township public officials.