**Richard WELLS, Appellant,**

v.

**Edmund ARMSTRONG.**

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 1999.

Decided Jan. 27, 2000.

John F. Cordisco, Bristol, for appellant.

Guy T. Matthews, Langhorne, for appellee.

Before DOYLE, President Judge, COLINS, J., and JIULIANTE, Senior Judge.

DOYLE, President Judge.

Richard Wells appeals from an order of the Court of Common Pleas of Bucks County which found that Edmund Armstrong, not Wells, was the proper board member of a disputed seat on the Lower Bucks County Joint Municipal Authority (Authority).

The Authority itself was established in 1952. It is composed of six members, three selected by the Borough Council of Tullytown and three selected by the Commissioners of the Township of Bristol. Each board member serves a five-year term and the election and selection of the six board positions is staggered. No member of the board may hold more than one seat at the same time.

In January of 1993, the Tullytown Borough Council appointed Armstrong to serve a five-year term on the Authority, which term was to expire in December of 1997. However, on January 7, 1997, while Armstrong was in "mid term," the Tullytown Council met to fill another vacant five-year position on the Authority. During that meeting, one of the councilmen moved to appoint Armstrong to the vacant position. Because Armstrong still had approximately 11 months remaining on his appointed term, the new appointment was made contingent upon his resignation from his then-current seat. Prior to voting on the appointment, a member of the Council asked Armstrong if he would accept the new appointment under those conditions, *i.e.*, that he resign his current position on the Authority. Armstrong said he would. Accordingly, by a vote of 4–3, the Council appointed Armstrong to a new five-year term on the Authority.[1] Immediately following the appointment, Armstrong orally offered his resignation from his previous seat, which a majority of the Council voted to accept, and Armstrong was subsequently seated as a member of the Authority for a new five-year term.

On January 28, 1998, following the 1997 Municipal Election, the new Borough Council held a special session and declared Armstrong's appointment invalid and made another appointment to the seat to which it had previously appointed Armstrong.[2] The Council's appointee, Richard Wells, was a Borough Councilman at the time of Armstrong's appointment and had voted against his appointment; at the time of his own appointment, Richard Wells was the Mayor of Tullytown. The Authority, however, refused to recognize the appointment of Richard Wells, and, on March 11, 1998, Richard Wells filed a quo warranto action in the Court of Common Pleas of Bucks County seeking to have Armstrong removed from his seat on the Authority and to have his own appointment recognized. In his complaint, Richard Wells asserted that, at the time of Armstrong's appointment, Armstrong already held a seat on the Authority, and, therefore, the appointment to the second seat was a nullity. Armstrong filed a timely answer to the complaint, and a bench trial ensued.

On November 18, 1998, the Common Pleas Court issued an opinion and order finding in favor of Armstrong. Specifically, the court concluded that the intent of the Council in January of 1997 was to appoint Armstrong to the five-year seat *if* he would resign his then-current position, which he indicated that he would, and, in fact, did following the appointment. Thus, the court concluded that the appointment was conditional and that, when Armstrong resigned, the condition was met, and the appointment was valid. Wells filed post-

---

1. Following this appointment, the Council then appointed Dave Caro to serve out the remaining 11 months of Armstrong's previous term.

2. In addition, the Council also voted to appoint Bryan Servis to a seat on the Authority. This seat was Armstrong's prior seat, the term of which had expired.

trial motions, which were denied, and this appeal followed.[3]

On August 26, 1999, following the filing of the appeal, but prior to the argument of the case before this Court, Richard Wells died. On September 13, 1999, Armstrong filed a suggestion of death. On September 21, 1999, the Tullytown Council appointed Kyle Wells, Richard Wells' son, to the seat which Richard Wells had previously claimed belonged to him. Thereafter, counsel for appellant filed an application to substitute Kyle Wells for Richard Wells as the appellant in this case.[4]

The starting point of our analysis is the application to substitute Kyle Wells as the appellant in this case. If we conclude that he cannot be substituted as a succeeding party for the appellant, then the appeal must be dismissed as moot, since there would no longer be a case or controversy presented in the appeal. Section 502 of the Pennsylvania Rules of Appellate Procedure provides as follows:

(a) **Death of a party.** If a party dies after a notice of appeal or petition for review is filed or while a matter is otherwise pending in an appellate court, **the personal representative of the deceased party** may be substituted as a party on application filed by the representative or by any party with the prothonotary of the appellate court. The application of a party shall be served upon the representative in accordance with the provisions of Rule 123 (applications for relief).

. . . .

(c) **Death or separation from office of public officer.** When a public officer is a party to an appeal or other matter in an appellate court in his official capacity and during its pendency dies, resigns or otherwise ceases to hold office, the matter does not abate **and his successor is automatically substituted as a party.**

Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

Pa. R.A.P. 502. At the outset, it is clear that subsection (c) does not apply because the political office held by Richard Wells was that of Mayor of Tullytown, and there is no connection between that office and the disputed seat on the Authority at issue in this appeal. Likewise, the application for substitution does not indicate that Kyle Wells is the personal representative of Richard Wells; rather, the only indication as to what interest Kyle Wells might have in the appeal is the averment that, like Richard Wells before him, Kyle Wells was appointed to the seat on the Authority currently occupied by Armstrong. We hold that this fact alone is insufficient to warrant the substitution of Kyle Wells for Richard Wells as the appellant or to permit Kyle Wells to represent the interest of Richard Wells in this matter.

Moreover, we note that this result is absolutely required due to the unique nature of a quo warranto action. If Richard Wells' personal representative had been substituted, of course, he or she could not receive the relief which Richard Wells sought, *i.e.,* the removal of Armstrong from the seat on the Authority and the seating of Richard Wells, deceased, as the proper member. Likewise, if substituted, although Kyle Wells would be advocating the removal of Armstrong from the disputed seat on the Authority, he would be asserting that *he,* not Richard Wells, would be the proper person to occupy the seat. Thus, Kyle Wells would be asserting his *own* personal interest in being appointed

---

**3.** The appeal was originally filed in the Superior Court, which transferred the case to this Court by order dated April 5, 1999.

**4.** Following argument, we directed the parties to brief the issue of the appropriateness of the substitution of Kyle Wells for Richard Wells.

to the Authority, not that of Richard Wells.[5]

Accordingly, because, at present, there is no party in this appeal challenging Armstrong as the rightful holder of the seat on the Authority, this case is moot and must be dismissed. *Sierra Club v. Pennsylvania Public Utility Commission*, 702 A.2d 1131 (Pa.Cmwlth.1997), *aff'd*, 557 Pa. 11, 731 A.2d 133 (1999).

## *O R D E R*

**NOW**, January 27, 2000, the appeal filed by Richard Wells in the above-captioned matter is hereby dismissed as moot.

---

**5.** Our disposition of this appeal will not necessarily end the matter as Kyle Wells may still file a quo warranto action in his own right, seeking to have himself seated as a member of the Authority. However, our decision in *Rastall v. DeBouse*, 736 A.2d 756 (Pa.Cmwlth. 1999), may be instructive to the parties in any future proceedings in this matter.