## Bily, Excrx., Appellant, *v.* Board of Property Assessment et al.

Argued April 26, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*A. W. Henderson,* with him *Moorhead & Knox,* for appellant.

*James M. Guffey,* with him *Edward G. Bothwell,* Assistant County Solicitors, and *John J. O'Connell,* County Solicitor, for appellees.

PER CURIAM, May 4, 1945:
This is an appeal from a judgment refusing appellant's petition for a writ of mandamus. Appellant is the owner of real estate in Pittsburgh and seeks to compel the Board of Property, Appeals and Review of Allegheny County to recognize her as an intervenor or the successor in an appeal taken by a former owner. Appellant was the mortgagee of the property at the time the appeal was taken and acquired title by foreclosure proceedings while the appeal was pending. The sole question raised here is appellant's right to a revision of the assessment either as an intervenor or as a successor in title.

The subject of the controversy presently before us is not the ownership or possession of real or personal property, or any right which can be expressed in money. Cf. *Neubert v. Armstrong Water Co.,* 26 Pa. Superior Ct. 608. Jurisdiction of the appeal is therefore in the Supreme Court. *Ribblet v. Westrick,* 341 Pa. 484, 19 A. 2d 394. The court below has certified that the amount in controversy is less than $2,500, but under our Rule 52, the certificate is not conclusive evidence of our jurisdiction. After appellant's standing has been established, and the board has acted upon the assessment, an appeal might lie to this Court, depending upon the amount of money then in controversy. See *DuBois's Appeal,* 293 Pa. 186, 142 A. 134.

The appeal is certified to the Supreme Court.