394 A.2d 522

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Darrell C. SAUNDERS, Appellee.**

Supreme Court of Pennsylvania.

Submitted Sept. 18, 1978.

Decided Nov. 18, 1978.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Charles W. Johns, Jacqueline Mikula Verney, Asst. Dist. Attys., Pittsburgh, for appellant.

Charles F. Scarlata, Scarlata & DeRiso, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

The present appeals have been taken by the Commonwealth from a pre-trial order of the Court of Common Pleas of Allegheny County. By such order the trial court refused to consolidate, in a single trial, certain criminal charges lodged against a defendant. For the reasons that follow, we hold that the order is interlocutory in nature and that the appeals must therefore be quashed.

Appellee, Darrell Christian Saunders, along with three other youths, was implicated in two purse snatchings which took place in the Pittsburgh area on the afternoon of January 6, 1977. The first occurred in the Borough of Avalon at approximately 3:00 p. m., the victim being an eighty-seven year old woman, Alma Walker, who allegedly later died as a result of the assault. The second purse snatching was in Riverview Park in the City of Pittsburgh, where the victim was one Edna Bushnell. The park episode took place about 4 miles from the Avalon incident and some 45 minutes later.

As a result of the first incident, two informations were filed against Saunders. The first information charged murder of the first, second and third degrees and voluntary manslaughter; the second charged robbery, aggravated assault and conspiracy. A third information, charging rob-

bery, theft and conspiracy, was filed with respect to the second incident. A week prior to the scheduled commencement of trial on the murder information, the Commonwealth petitioned the trial court for consolidation in a single trial of all charges relating to the robberies. Following a hearing and argument, that court granted the petition with respect to the charges stemming from the Walker episode, but ordered that the other charges, those related to the Bushnell robbery, be tried separately. It is from this order that the Commonwealth has appealed.[1]

This Court is not free to dispose of any and all issues placed before it by the party litigants. The Supreme Court, like other courts, has only "such jurisdiction as shall be provided by law," Pa.Const., art. V, § 2(c). If jurisdiction is not so conferred upon it, this Court "cannot acquire jurisdiction to entertain an appeal either by the consent of the parties or by our own acquiescence . . . ." *West Homestead Borough School District v. Allegheny County Board of School Directors*, 440 Pa. 113, 116, 269 A.2d 904, 906 (1970). See also *Smethport Area School District v. Bowers*, 440 Pa. 310, 269 A.2d 712 (1970); *Commonwealth v. Bey*, 437 Pa. 134, 262 A.2d 144 (1970).[2] In the case before us, the district attorney invokes this Court's jurisdiction pursuant to Section 202(1) of the Appellate Court Jurisdiction Act of 1970[3] which provides that the Supreme Court "shall have

1. The Commonwealth has filed two appeals with respect to the lower court's order; one to the Superior Court with respect to the refusal to consolidate the robbery charges, and another to this Court with regard to the refusal to consolidate the murder charge with all other charges. The Superior Court certified the appeal to it to this Court. Since the two appeals involve the identical question, they have been consolidated in this Court.

2. Although appellee has not challenged the Commonwealth's right to take this appeal, an issue involving the Court's jurisdiction may be raised *sua sponte* by this Court. *West Homestead Borough School District v. Allegheny County Board of School Directors, supra*; *Calabrese v. Colliers Township*, 430 Pa. 289, 240 A.2d 544 (1968).

3. *See* the Act of July 31, 1970, P.L. 673, No. 223, Art. II, § 202(1), 17 P.S. § 211.202(1), since superseded by Section 722(1) of the Judicial Code, 42 Pa.C.S. § 722(1) (effective June 27, 1978).

exclusive jurisdiction of appeals from *final orders* of the court of common pleas . . . [in any case of] . . . (1) felonious homicide" (emphasis added). A review of the practical ramifications of the lower court's order, however, leads to the conclusion that there is not, in the instant case, a "definitive order, decree or judgment which finally terminates the action." *Commonwealth v. Ray*, 448 Pa. 307, 312, 292 A.2d 410, 412 (1972). See also *Commonwealth v. Wheeling-Pittsburgh Steel Corp.*, 473 Pa. 432, 440, 375 A.2d 320 (1977); *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 337, 372 A.2d 721 (1977); *Commonwealth v. Bolden*, 472 Pa. 602, 612, 373 A.2d 90 (1977) (opinion of ROBERTS, J., joined by MANDERINO, J.), *id* at 649, 373 A.2d 90 (concurring opinion of POMEROY, J.). Rather, the order appealed from is not final because the Commonwealth is still free to seek convictions on all counts, although two separate trials will be required.

It is the Commonwealth's position that the order appealed from is final because its effect will be to terminate the prosecution's case as to the Riverview Park incident. It reaches this conclusion on the theory that this latter purse snatching and the earlier one in Avalon were both part of the same "criminal episode." If it failed to obtain consolidation of the several charges for trial, the argument continues, the Commonwealth would be precluded from a separate trial on the second robbery by our decision in *Commonwealth v. Campana.*[4]

There is precedent for the proposition that this Court will entertain a Commonwealth appeal from a lower court order, even though it be technically interlocutory,

---

4. The rule espoused in *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973), *vacated and remanded*, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 854 (1973); *on remand* 455 Pa. 622, 314 A.2d 854 (1974), *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139, was essentially one of compulsory consolidation of all charges which are based upon the same conduct or arise from the same criminal episode or transaction. *See also* Section 110 of the Crimes Code, 18 Pa.C.S. § 110.

where the effect of the order "will necessitate the termination and conclusion of the prosecution or . . . substantially impair the prosecution in the presentation of its case." *Commonwealth v. Gullett*, 459 Pa. 431, 435, 329 A.2d 513, 515 (1974). See also *Commonwealth v. Rowe*, 455 Pa. 454, 282 A.2d 319 (1971); *Commonwealth v. Taper*, 434 Pa. 71, 253 A.2d 90 (1969) (plurality opinion); *Commonwealth v. Washington*, 428 Pa. 131, 236 A.2d 772 (1965); *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304, *cert. denied*, 375 U.S. 910, 84 S.Ct. 204, 11 L.Ed.2d 149 (1963); ABA Project on Standards for Criminal Justice, Standards Relating to Criminal Appeals, § 1.4(a) (Approved Draft, 1970). Such is not the case here. The defendant, by opposing the Commonwealth's motion to consolidate, has waived any allegations of prejudice or inconvenience resulting from the prospect of multiple trials. *See, e. g., Commonwealth v. Fisher*, 244 Pa.Super. 361, 368 A.2d 762 (1976); *Commonwealth v. Splain*, 242 Pa.Super. 503, 364 A.2d 384 (1976); *Commonwealth v. Green*, 232 Pa.Super. 134, 335 A.2d 493 (1975).[5] Moreover, the presentation of the Commonwealth's case will in no way be impaired. If, as the Commonwealth contends, both robberies derive from one criminal conspiracy and are but parts of one planned criminal episode, then evidence of each purse snatching event will be admissible at trial of the other offense to establish a common scheme or plan. *See, e. g., Commonwealth v. Wable*, 382 Pa. 80, 114 A.2d 334 (1955); *Commonwealth v. Jones*, 242 Pa.Super. 303, 363 A.2d 1281 (1976).

There being no final order in effect below, the appeals are hereby quashed.

LARSEN, J., dissents.

5. *See also* Section 110(1)(ii) of the Crimes Code, 18 Pa.C.S. § 110(1)(ii), which provides that a subsequent prosecution of an offense arising out of the same criminal episode from which a previous conviction or acquittal resulted is not barred where a court has ordered the separate trial on the related charge.