679 A.2d 240

**COMMONWEALTH of Pennsylvania**

v.

**Anthony SPANO, Appellant.**

Superior Court of Pennsylvania.

Submitted April 18, 1996.

Filed July 1, 1996.

228

Rocco M. Nigro, Media, for appellant.

William R. Toal, III, Assistant District Attorney, Media, for the Commonwealth, appellee.

Before KELLY, JOHNSON and OLSZEWSKI, JJ.

KELLY, Judge:

In these consolidated appeals, we are called upon to determine whether the trial court properly directed that appellant be removed from the elected office of constable of the Borough of Darby following his conviction of indecent assault.[1] We affirm the judgment of sentence imposed for appellant's indecent assault conviction; however, we hold that pursuant to 42 Pa.C.S.A. § 722, we are without subject-matter jurisdiction to review appellant's appeal from the trial court's order removing appellant from public office. Therefore, we transfer this portion of the case to the Supreme Court. Hence, we affirm in part and transfer in part.

The relevant facts and procedural history have been aptly set forth in the trial court opinion as follows:

On May 13, 199[4], Defendant, Anthony Spano, went to 106 Chestnut Street in the Borough of Darby, in his capacity as a duly-elected constable, to serve an arrest warrant upon Bonnie Grove for Disorderly Conduct and Public Drunkenness. (N.T. 6–6–95, p. 93). However, upon Mr. Spano's arrival, he was told that Ms. Grove left the premises togeth-

1. 18 Pa.C.S.A. § 3126.

er with her boyfriend, Jimmy Lassiter, to go to the hospital, as Mr. Lassiter required medical attention. (N.T. 6–6–95, p. 91–92). Consequently, only Jason Herzfelt and the victim, Kandi Corbin, were left in the house with Mr. Spano. Next, Mr. Spano gave Mr. Herzfeld money and arranged for him to leave the house to get pizza. (N.T. 6–6–95, p. 91–92). The victim testified that after Mr. Spano was alone in the house with her, he joined her on the couch and proceeded to kiss and lick the victim's face and fondle her breasts without her consent. (N.T. 6–6–95, p. 99–102, 104, 113). He did this while in uniform acting as a constable, and notwithstanding the victim's requests that he stop. (N.T. 6–6–95, p. 101). He was wearing his badge and had a gun strapped to his side. (N.T. 6–6–95, p. 94). This action was interrupted when two young neighbors, Dennis Krapf (age 13) and Gary Krobath (age 15), arrived at the residence, looked in the window, and saw Defendant seated with the victim. (N.T. 6–6–95, p. 105, 164, 178). As they entered, both of the aforementioned individuals waited to make sure that they were not interrupting anything. (N.T. 6–6–95, p. 176–180). In fact, they testified that they entered only after they were certain the victim was not participating in the encounter. (N.T. 6–6–95, p. 176–180). They further testified that they saw the Defendant pull his hand out from under the victim's shirt very quickly as they entered. (N.T. 6–6–95, p. 164, 178). Additionally, they testified that the Defendant got up quickly and backed away from her in order to make it appear as though nothing had occurred. (N.T. 6–6–95, p. 164–66, 178–180).

The victim reported the attack to Officer Frank Gentilini of the Darby Borough Police Department shortly thereafter, but said that she did not want a formal report made because she felt that her story would not be believed. (N.T. 6–6–95, p. 111–12, 227).

The testimony further established that on or about June 16, 199[4], Constable Spano proceeded to the same address. This time, he had a warrant for Kandi Corbin charging underage drinking, which he failed to present. (N.T. 6–6–

95, p. 114, 116, 125). The Defendant proceeded to the victim's bedroom and used this warrant as leverage against Ms. Corbin in his effort to gain sexual gratification which included touching the victim's thigh and breasts and kissing the victim's cheek and neck. (N.T. 6–6–95, p. 117–22). Ms. Corbin at no time consented to this conduct. (N.T. 6–6–95, p. 118). On the same evening of the aforementioned incident, Ms. Corbin went to the police Department and filed formal charges against the Defendant. (N.T. 6–6–95, p. 122).

The Defendant was convicted of one count of Indecent Assault by a jury on June 7, 1995. The Defendant was sentenced by this Court relative to the aforesaid conviction of Indecent Assault to six months home monitoring and community service on July 12, 1995. (N.T. 7–12–95, p. 22–23). Additionally, on July 19, 1995, this Court entered an order removing the defendant as a duly-elected constable.

Trial Court Opinion at 1–3.

On July 24, 1995, appellant filed a timely notice of appeal with regard to his judgment of sentence entered July 12, 1995. On August 17, 1995, appellant filed a timely notice of appeal regarding the order entered on July 19, 1995 removing him as a duly elected constable of the Borough of Darby. The parties entered into a stipulation for consolidation of these two appeals. We accepted the stipulation.

Appellant raises the following issues on appeal:

1. WHETHER THE TRIAL JUDGE'S FAILURE TO DEFINE THE WORDS "INDECENT", "ASSAULT", AND/OR "CONTACT" IN HIS INSTRUCTIONS TO THE JURY RELATIVE TO THE CHARGE OF INDECENT ASSAULT WAS SO FUNDAMENTALLY INADEQUATE SO AS TO REQUIRE A REVERSAL OF THE DEFENDANT'S CONVICTION?

2. WHETHER THE CONSTITUTIONS OF THE UNITED STATES OF AMERICA AND THE COMMONWEALTH OF PENNSYLVANIA REQUIRE THAT A HEARING BE HELD ON A PETITION SUBMIT-

TED TO THE COURT TO REMOVE A CONSTABLE PURSUANT TO 13 P.S. SECTION 31?

3. WHETHER OR NOT THE RECORD HEREIN CONTAINS SUFFICIENT FACTS TO REMOVE THE DEFENDANT FROM OFFICE AS A DULY ELECTED CONSTABLE PURSUANT TO 13 P.S. SECTION 31?

Appellant's Brief at 4.

■ Appellant first appeals his judgment of sentence (No. 2931 Philadelphia 1995) claiming an error in the jury charge. Preliminarily, we note that appellant failed to object to the trial court's jury charge. Under Pa.R.App.P. 302(a), "[I]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.App.P. 302(a). In *Commonwealth v. Schierscher,* 447 Pa.Super. 61, 668 A.2d 164 (1995), we held that because the appellant in that case failed to object to the jury charge before the jury retired for deliberation, the issue raised was not preserved for appellate review. *Commonwealth v. Schierscher, supra* at 72, 668 A.2d at 169. In *Commonwealth v. Byrd,* 409 Pa.Super. 611, 598 A.2d 1011 (1991), we held that a party must specifically object to a charge when given at trial in order to preserve any claim of error for appellate review.[2] *Commonwealth v. Byrd, supra* at 613, 598 A.2d at 1012.

Rule 1119(b) of the Pennsylvania Rules of Criminal Procedure specifically addresses the failure of an appellant to object to the jury instructions. Under Pa.R.Crim.P. 1119(b), "[n]o portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." Pa.R.Crim.P. 1119(b). *Commonwealth v. Kampo,* 480 Pa. 516, 523, 391 A.2d 1005, 1008 (1978) (holding that where appellant did not object to omission in jury charge before deliberations, issue was not preserved for review); *Commonwealth v. Martinez,* 475 Pa. 331, 337, 380 A.2d 747, 750 (1977) (holding that where judge

---

**2.** We note that in the interest of justice, we made an exception to Pa.R.App.P. 302(a) and reviewed appellant's claim.

asked if counsel had any exceptions or additions to jury charge and counsel replied that he had none, appellant waived issue of alleged error in charge); *Commonwealth v. Betz,* 444 Pa.Super. 607, 619, 664 A.2d 600, 606 (1995) (holding that specific objection must be made before deliberations in order for challenge to jury charge to be preserved for appellate review).

In *Commonwealth v. Matty,* 422 Pa.Super. 595, 619 A.2d 1383 (1993), we held that the appellant waived the issue regarding jury instructions because he failed to object to a jury charge which he alleges to have suggested the verdict favored by the judge, the appellant thereby failing to preserve this issue for appellate review pursuant to Pa.R.Crim.P. 1119(b). *Commonwealth v. Matty, supra* at 601–02, 619 A.2d at 1386–87. Similarly, in *Commonwealth v. Smallhoover,* 389 Pa.Super. 575, 567 A.2d 1055 (1989), we held that where the appellant answered in the negative to the trial court's inquiry as to whether appellant had any additions or corrections to the jury charge, appellant failed to preserve the issue for appellate review pursuant to Pa.R.Crim.P. 1119(b). *Commonwealth v. Smallhoover, supra* at 583–84, 567 A.2d at 1059.

Instantly, appellant has waived his first issue on appeal under both Pa.R.App.P. 302(a) and Pa.R.Crim.P. 1119(b). There is no evidence in the record of any objection to the jury charge on the part of the appellant. Conversely, the record does contain an exchange between the trial court judge and the attorneys in which the judge asks the attorneys if they have anything additional on the jury charge. N.T. 6/7/96 at 189. Both counsel for appellant and counsel for the appellee answered in the negative. *Id. See Commonwealth v. Matt,* 249 Pa.Super. 98, 104, 375 A.2d 777, 779 (1977) (holding that where court concluded its charge and asked counsel if they had anything to add and counsel made no objection to jury charge, appellant failed to preserve any objection to jury instructions).

Instantly, because appellant failed to make any objections to the jury charge, appellant has not properly preserved this issue for our review. Accordingly, this issue is waived. *See* Pa.R.Crim.P. 1119(b) and Pa.R.App.P. 302(a).

Moreover, this issue is meritless. Appellant contends that the instructions to the jury relative to the charge of indecent assault were insufficient and inadequate in that the instruction did not define the words "indecent; assault," and /or "contact." Appellant further maintains that this deficiency was so fundamental as to render the guilty verdict improper. *Id.*

The Pennsylvania Supreme Court set forth our standard of review regarding jury instructions in *Commonwealth v. Jones,* 542 Pa. 464, 668 A.2d 491 (1995). "Only when there is an abuse of discretion or an inaccurate statement of the law is there reversible error." *Commonwealth v. Jones, supra* at 517, 668 A.2d at 517 (citing *Commonwealth v. Prosdocimo,* 525 Pa. 147, 150, 578 A.2d 1273, 1274 (1990)).

In *Commonwealth v. Jones, supra,* the Court held that when reviewing a challenge to a part of a jury instruction, the Court must review the jury charge as a whole to determine if it is fair and complete. *Commonwealth v. Jones, supra* (citing *Commonwealth v. Saunders,* 529 Pa. 140, 602 A.2d 816 (1992)).

> This review does not focus upon whether specific "magic words" were part of the charge. *Commonwealth v. Saunders, supra* 529 Pa. at 144, 602 A.2d at 818; *Commonwealth v. Ohle,* 503 Pa. 566, 582, 470 A.2d 61, 70 (1983). Rather, it is the effect of the charge in its entirety that is controlling. *Commonwealth v. Prosdocimo,* 525 Pa. 147, 578 A.2d 1273 (1990); *Commonwealth v. Myers,* 424 Pa.Super. 1, 621 A.2d 1009 (1993).

*Commonwealth v. La,* 433 Pa.Super. 432, 447, 640 A.2d 1336, 1344 (1994).

"A trial court has broad discretion in phrasing its charge and can choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration." *Commonwealth v. Jones, supra. See also Commonwealth v. Hess,* 446 Pa.Super. 222, 230-31, 666 A.2d 705, 709 (1995)(citing *Commonwealth v. Prosdocimo,* 525 Pa. 147, 578 A.2d 1273 (1990)(holding that trial court has broad discretion in choosing its own wording so long as the law is clearly, adequately and accurately presented to jury)); *Com-*

*monwealth v. Widmer,* 446 Pa.Super. 408, 667 A.2d 215, 219–20 (1995)(citing *Commonwealth v. Calderini,* 416 Pa.Super. 258, 266, 611 A.2d 206, 210 (1992)(holding that a jury instruction given by one trial court will be upheld so long as it sufficiently and accurately apprises a lay jury of the law)).

■ In addition, even if we found that the trial court erred in instructing the jury, we can only grant relief if the error prejudiced the appellant. *Commonwealth v. Blystone,* 421 Pa.Super. 167, 180, 617 A.2d 778, 785 (1992) (citing *Commonwealth v. Klinger,* 369 Pa.Super. 526, 535 A.2d 1060 (1987)). *See also Commonwealth v. Smallhoover, supra* at 584, 567 A.2d at 1059.

■ Upon reviewing the entirety of the jury instructions, we find them to be a clear, adequate and accurate presentation of the law. With respect to the jury instruction as to the charge of indecent assault, the trial court clearly set forth the four elements that the Commonwealth needs to prove beyond a reasonable doubt. Moreover, contrary to what the appellant alleges, the trial court judge did define the terms "indecent contact" and "indecent assault." N.T. 6/7/95 at 184–85. Furthermore, even if the trial court had erred, the trial court's jury instructions as reflected in the record, did not prejudice the appellant. Accordingly, this issue is meritless.

■ Next, we turn to the two remaining issues raised by appellant in this appeal regarding his removal from the public office of constable of the Borough of Darby. We hold that we are without subject matter jurisdiction to entertain these claims and are compelled to transfer this appeal to the Supreme Court. We reach this conclusion for the following reasons.

■ The question of this Court's jurisdiction over the subject matter can be raised at any time. *Bernhard v. Bernhard,* 447 Pa.Super. 118, 122-24, 668 A.2d 546, 548 (1995); *In Re Estate of Cantor,* 424 Pa.Super. 24, 26–27, 621 A.2d 1021, 1022 (1993); *Barndt v. Barndt,* 397 Pa.Super. 321, 325, 580 A.2d 320, 322 (1990). Neither silence nor agreement of

the parties will confer jurisdiction where it otherwise would not exist. *Bernhard v. Bernhard, supra* at 123, 668 A.2d at 548 (quoting *Clay v. Advanced Computer Applications,* 370 Pa.Super. 497, 504, 536 A.2d 1375, 1379 (1988) (*en banc*), *modified,* 522 Pa. 86, 559 A.2d 917 (1989)); *In re Estate of Cantor, supra* at 27, 621 A.2d at 1022 (citing *Hafer v. Schauer,* 429 Pa. 289, 239 A.2d 785 (1968) and *United Carolina Bank v. Martocci,* 416 Pa.Super. 16, 610 A.2d 484 (1992)). Therefore, even if a party fails to raise this issue, it is still the affirmative duty of our Court to consider the issue of subject matter jurisdiction. *Barndt v. Barndt, supra* at 325, 580 A.2d at 322; *Hanik v. Pennsylvania Power Co.,* 308 Pa.Super. 352, 358, 454 A.2d 572, 575 (1982) (citing *Cathcart v. Crumlish,* 410 Pa. 253, 189 A.2d 243 (1963)); *Marcus v. Diulus,* 242 Pa.Super. 151, 363 A.2d 1205 (1976). Thus, the Superior Court may raise *sua sponte* the question of jurisdiction. *Bernhard v. Bernhard, supra* at 122-24, 668 A.2d at 548 (citing *Clay v. Advanced Computer Applications,* 370 Pa.Super. 497, 504, 536 A.2d 1375, 1379 (1988)(*en banc*), *modified,* 522 Pa. 86, 559 A.2d 917 (1989)); *Rieser v. Glukowsky,* 435 Pa.Super. 530, 535, 646 A.2d 1221, 1223; *In re Estate of Cantor, supra.*

▬▬▬ Jurisdiction of the Superior Court is not conferred by filing a notice of appeal but arises only under the Constitution and the statutes of the Commonwealth. *Pennsylvania Higher Ed. Assistance Agency v. Di Massa,* 296 Pa.Super. 529, 442 A.2d 1177 (1982). The Superior Court has no power to enlarge its jurisdiction which is fixed by the legislature. *Toll v. Toll,* 293 Pa.Super. 549, 439 A.2d 712 (1981), *affirmed,* 498 Pa. 536, 448 A.2d 1379 (1982). The legislature has given the Supreme Court exclusive jurisdiction over all appeals from the final orders of the courts of common pleas in all cases involving the right to public office. 42 Pa.C.S.A. § 722(2).

▬▬▬ The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases: ... (2) the right to public office. 42 Pa.C.S.A. § 722(2). *See also Egan v. Mele,* 535 Pa. 201, 204 n. 2, 634 A.2d 1074, 1075 n. 2 (1993)(vacating order of Commonwealth Court because only Supreme Court has juris-

diction of appeals from final orders of courts of common pleas involving right to public office); *Commonwealth ex rel. Waltman v. Graczyk,* 501 Pa. 244, 245, 460 A.2d 1098, 1099 (1983). A "public officer" is chosen by the electorate or appointed for a definite and certain tenure in a manner provided by law to an office whose duties are of grave and important character, involving some function of government, and to be exercised for the benefit of the public for a fixed compensation paid out of the public treasury. *In re Stanley,* 204 Pa.Super. 29, 201 A.2d 287 (1964).[3] A borough constable is either an elected official, *see* 13 P.S. § 2,[4] or in situations involving a vacancy, an appointed official, *see* 13 P.S. § 11.[5] In that appellant is appealing a final order which removed him from public office, under 42 Pa.C.S.A. § 722(2), we are without subject matter jurisdiction to consider the merits of this direct appeal.

3.  We note that the case cited above, *In re Stanley* 204 Pa.Super. 29, 201 A.2d 287 (1964), was an appeal involving a person who had been elected to serve as constable for the Forty-fifth Ward of the City of Philadelphia. However, this appeal did not involve appellant's right to this office; rather, the issue on appeal was whether appellant was entitled to retain his private investigator's license while continuing to hold the position of constable.

4.  13 P.S. § 2:
    **Election in boroughs and townships; term**
    The qualified voters of every borough and township, and, where a borough is divided into wards, of every ward in the commonwealth of Pennsylvania, shall, on the third Tuesday of February, Anno Domini, one thousand eight hundred and ninety-six, and triennially thereafter, vote for and elect a properly qualified person for constable in each of said districts, and a properly qualified person for high constable in each of said boroughs, and the person so elected shall serve for three years.

5.  13 P.S. § 11:
    **Appointment in case of vacancy in cities, boroughs, wards, etc.**
    Whenever a vacancy may occur in the office of constable in any borough, town, ward of any city, borough, or town or township in said Commonwealth by reason of failure to elect, failure to qualify, incompetency, death, resignation, removal, or for any other cause, it shall be the duty of the court of quarter sessions of the peace of the county in which such borough, city, ward, or township may lie, upon petition of not less than ten qualified electors residing in such borough, city, ward, or township to appoint a suitable person, who, upon being qualified as required by law, shall serve as the constable thereof for the unexpired term so vacant.

238

■ While we hold that the Superior Court is without statutory authority to entertain this appeal, we do not believe our lack of statutory authority necessitates the quashal of this appeal. This Court has the authority to transfer to the Supreme Court any cases which are directly appealable to the Supreme Court when the appeal has been·erroneously filed in this Court. Under Pa.R.App.P. § 751(a), "[i]f an appeal or other matter taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district." *See also Commonwealth v. Harris,* 195 Pa.Super. 8, 168 A.2d 761 (1961); *Bily v. Board of Property Assessment,* 157 Pa.Super. 252, 42 A.2d 322 (1945); *Society of Mutual Help Christopher Columbus v. Lombardo,* 155 Pa.Super. 67, 36 A.2d 825 (1944); *Neubert v. Armstrong Water Co.,* 211 Pa. 582, 61 A. 123 (1904); *see also In re Butler County Memorial Hospital,* 27 Pa.Cmwlth. 561, 368 A.2d 849 (1976). Thus, we direct the transfer of the portion of this appeal (No. 3061 Philadelphia 1995) which pertains to appellant's removal from public office to the Supreme Court.

Judgment of sentence is affirmed and appeal of issues raised in No. 3061 Philadelphia 1995 pertaining to the order removing appellant from the Office of Constable of the Borough of Darby as constable is transferred to the Supreme Court.