701 A.2d 566

COMMONWEALTH of Pennsylvania, Appellee,

v.

Anthony SPANO, Appellant.

Supreme Court of Pennsylvania.

Oct. 28, 1997.

Rocco M. Nigro, Media, for A. Spano.

Patrick Meehan, for the Commonwealth.

## OPINION OF THE COURT

CAPPY, Justice.

In 1995, Appellant, a borough constable, was removed from office following his conviction on one count of Indecent Assault.[1] Appellant appealed both his conviction and his removal from office to the Superior Court. The Superior Court *sua sponte* transferred the portion of the appeal that concerned Appellant's removal from office to this court, because the Superior Court believed that it lacked subject matter jurisdiction over that aspect of the appeal.[2] Because the transfer was erroneous, we reverse and remand.

■ Unless otherwise excepted, exclusive original jurisdiction over appeals from orders of the courts of common pleas lies with the Superior Court. 42 Pa.C.S. § 742. The Superior Court determined that this case fell within the scope of the exception set forth at 42 Pa.C.S. § 722(2),[3] which establishes that this court has exclusive appellate jurisdiction over appeals from common pleas courts in cases concerning the right to public office.

Our original appellate jurisdiction under § 722(2) was addressed in *Appeal of Bowers*, 440 Pa. 310, 269 A.2d 712 (1970). In that case, a district superintendent of a school district appealed his dismissal to two courts of common pleas, both of which dismissed for lack of jurisdiction. The orders of dismissal were consolidated and appealed to this court under § 722(2). This court transferred the case to the Superior

---

1. The details underlying the conviction are set forth in the Superior Court's opinion. *Commonwealth v. Spano*, 451 Pa.Super. 226, 679 A.2d 240, 242–43 (1996).

2. The Superior Court affirmed Appellant's conviction on the merits. *Com. v. Spano*, 451 Pa.Super. at 238, 679 A.2d at 246 (1996).

3. That section states in pertinent part:

   § 722. The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:

   *        *        *

   (2) The right to public office.

Court, holding that the appeal did not fall within the scope of § 722(2) because a school superintendent was not a public officer, and the proceeding was not one concerning the "right to public office". The latter aspect of that holding determines the outcome here.[4]

■ In *Appeal of Bowers,* the court held that while the term "right to public office" includes questions of qualification, eligibility, regularity of the electoral or appointive process and other preconditions to the holding of office, it does not normally include an appraisal of the sufficiency of evidence or other irregular aspects of a tribunal which discharges an officeholder from his position. *Id.,* at 317–18, 269 A.2d at 716. This appeal, like that in *Appeal of Bowers,* is based on an allegation that Appellant was denied due process in the tribunal which ordered he be discharged from office. Although both parties agree that the present proceeding is properly before this court, a factor which alone cannot vest us with jurisdiction where none otherwise exists, *Commonwealth v. Saunders,* 483 Pa. 29, 32, 394 A.2d 522, 524 (1978), they do not point to any factors which distinguish this case from *Appeal of Bowers.*

There are sound public policy reasons for the distinction which was drawn in *Appeal of Bowers* between prequalification actions and removal actions. When the results of an election are challenged, the occupancy of a key public office is left uncertain until the legal contest is decided by the courts. For as long as the contest goes on, there is uncertainty over who is the rightful occupant of that office and no policy can be made. Similarly, when a challenge is mounted to the candidacy of an individual for public office, the election would be tainted by uncertainty if the challenge were not definitively resolved before the election took place. The cases relied on

4. In *Appeal of Bowers,* the court defined a "public office" as an elective or appointive position in which the incumbent is exercising a governmental function which involves a measure of policy making and which is of general public importance. *Id.,* 440 Pa. at 318, 269 A.2d at 716–17. Because this case does not fall within the scope of a case involving the "right to public office", we need not decide whether a constable is a public officer under 42 Pa.C.S. § 722(2). We note, however, that the parties point to nothing in the record to suggest that Appellant himself exercised any policy-making authority.

by the Superior Court, *Egan v. Mele,* 535 Pa. 201, 634 A.2d 1074 (1993) and *Commonwealth ex rel. Waltman v. Graczyk,* 501 Pa. 244, 460 A.2d 1098 (1983), both involved such prequalification challenges. In such cases, the public interest in having a functioning representative government demands that the contest be terminated as expeditiously as possible. Therefore appeals come directly to this court, not because we have more expertise, but because the answer will be final.

The public interest is not impacted to the same degree when an officeholder is removed. The situation then is comparable to when an officeholder dies or is incapacitated in office. The public is not faced with the same uncertainty resulting from competing claims to public office. Instead, someone else will fill the position as provided for in the applicable statute or ordinance. If the removal was wrongful, the officeholder can eventually be reinstated in place of the deputy *pro tem,* again with no interruption to the operation of the government. We do not belittle the importance of Appellant's right to appeal his removal from office, but that right is fully protected by his right to appeal to the Superior Court with the possibility of a discretionary appeal to this court later.

While *Appeal of Bowers* left open the possibility that an exception might exist to the general rule that appeals challenging the regularity of a discharge proceeding should be taken to the Superior Court, the parties have offered no reason why one should exist in this case.[5] Therefore, this case is remanded to the Superior Court for a decision on the merits of Appellant's discharge from his position of borough constable.

## ORDER

AND NOW, this 28th day of October, 1997, the Order of the Superior Court transferring this case to the Supreme Court is

---

5. Exceptions to the general rule of Superior Court jurisdiction must exist to protect the interests of the public. Self-evidently, an allegation that the public is deprived of the right to the services of a particular officeholder—a circumstance which occurs in every case in which the officeholder loses below—will not alone suffice.

reversed. The case is remanded to the Superior Court for determination of the merits of Appellant's appeal of the order of the Court of Common Pleas removing Appellant from the office of borough constable. Jurisdiction is relinquished.