Allegra RASTALL

v.

Willis DeBOUSE, the Honorable Donata Zucco, Mayor, City of Johnstown, and Johnstown Redevelopment Authority, Appellants.

Commonwealth Court of Pennsylvania.

Argued June 14, 1999.

Decided Aug. 19, 1999.

Richard J. Greene, Jr., Johnstown, for appellants.

Thomas D. Berret, Pittsburgh, for appellee.

Before DOYLE, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

DOYLE, J.

The current mayor of Johnstown, the Honorable Donato Zucco, as well as her appointee to the Johnstown Redevelopment Authority (Authority), Willis De-Bouse, and the Authority itself appeal from an order of the Court of Common Pleas of Cambria County which declared that the earlier appointment of a second individual, Allegra Rastall, to the same position as a member of the Authority by a prior mayor was valid and that, as a result, Mr. DeBouse's appointment was void.

The facts underlying this appeal are rather unique. At midnight on December 31, 1997, a vacancy was set to open on the Authority. By letter dated December 30, 1997, pursuant to the authority granted in Section 5 of the Urban Redevelopment Law,[1] then-mayor of Johnstown, the Honorable Linda Weaver, appointed Mrs. Allegra Rastall to the soon-to-be vacant position on the Authority. Mayor Weaver's term expired on January 4, 1998.

On January 5, 1998, Mayor Weaver's successor, the Honorable Donato Zucco, took office and reappointed Willis DeBouse to the Authority. It was Mr. DeBouse's term that had expired at midnight on December 31, 1997, and Mrs. Rastall had been appointed by outgoing Mayor Weaver to fill his seat. Following this action by Mayor Zucco, the Johnstown City solicitor and the legal counsel for the Authority forwarded a letter to Mrs. Rastall advising her that, in their opinion, her appointment was void because no vacancy existed at the time of her appointment, and the letter further advised her that Mayor Zucco's subsequent reappointment of Mr. DeBouse was valid.

■ On March 27, 1998, Mrs. Rastall filed a complaint in quo warranto[2] in the Court of Common Pleas of Cambria County, alleging, *inter alia*, that her appointment was valid and, as a result, Mr. DeBouse's reappointment was void. As relief, Mrs. Rastall asked to have Mr. DeBouse's reappointment declared invalid, her appointment recognized, and Mr. DeBouse removed from his seat on the Authority. The Authority, Mayor Zucco and Mr. DeBouse filed preliminary objections in the nature of a demurrer to the complaint.

On June 3, 1998, following the submission of briefs and argument on the preliminary objections, the Court of Common Pleas issued an order denying the defendants' preliminary objections, and, despite the fact that no answer to the complaint had yet been filed, decided the merits of the complaint and concluded that Mrs. Rastall's appointment was valid, and, as a consequence, Mr. DeBouse's reappointment was invalid. This appeal followed.

■ On appeal, the Authority, Mayor Zucco and Mr. DeBouse argue that Mrs. Rastall's appointment was invalid because, although it was to commence after the expiration of the current member's term on the Authority, the appointment was not made while a vacancy existed on the Authority, and, under this Court's decision in *Ross Township v. Menhorn*, 138 Pa. Cmwlth. 686, 588 A.2d 1347, *petition for allowance of appeal denied*, 529 Pa. 627, 600 A.2d 542 (1991), the appointment was void. Succinctly, no appointment may be made to a vacancy which does not exist. In addition, they also argue that the Common Pleas Court erred by reaching the merits of the case without permitting the defendants to file an answer.

Prior to addressing these issues, however, Mrs. Rastall's brief questions the jurisdiction of this Court to hear this appeal, and, therefore, we must address this threshold issue at the outset.

Section 722 of the Judicial Code, 42 Pa. C.S. § 722, provides as follows:

The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:

. . . .

(2) The right to public office.

42 Pa.C.S. § 722. In *Ross Township v. Menhorn*, the outgoing Board of Commissioners of Ross Township made several appointments to positions where no pres-

---

1. Act of May 24, 1945, P.L. 991, *as amended*, 35 P.S. § 1705.

2. A quo warranto complaint is a vehicle designed to test whether a person exercising authority is legally entitled to do so. It is intended to prevent the exercise of powers that are not conferred by law and is not ordinarily available to regulate the manner of exercising such powers.

ent vacancies existed. The appointments were made six days prior to the installation of the new Board of Commissioners. The sole issue presented to this Court was whether so-called "lame-duck" officials could make appointments to commissions when no vacancies existed on those commissions at the time of appointment. We concluded that, regardless of past practices, such appointments were invalid, and we vacated all of the appointments made by the outgoing Ross Township Board of Supervisors. Absent from our analysis was any discussion of Section 722 of the Judicial Code or the jurisdiction of this Court to adjudicate the appeal.

In *Appeal of Bowers*, 440 Pa. 310, 269 A.2d 712 (1970), our Supreme Court examined its appellate jurisdiction as it relates to the right to hold public office. The Court delineated two requirements necessary to fit within this Section of the Judicial Code. First, a litigant must demonstrate that an issue concerning the right to public office exists. Although the Court did not expressly indicate every situation that could come within this area, the Supreme Court wrote as follows:

> The 'right' to office undoubtedly includes questions of qualification, eligibility, regularity of the electoral or appointive process and other preconditions to the holding of a particular public office. We think 'right' should not normally include an appraisal of the sufficiency of or ruling upon evidence or other allegedly irregular aspects of the proceedings before a hearing tribunal resulting in an officeholder's discharge from his position.

*Bowers*, 440 Pa. at 317, 269 A.2d at 716. As to what constitutes a "public office," the Court explained as follows:

> 'Public office', in turn, we take to mean an elective or appointive position in which the incumbent is exercising a governmental function which involves a

measure of policy making and which is of general public importance.

*Bowers*, 440 Pa. at 318, 269 A.2d at 716–17.

More recently, in *Commonwealth v. Spano*, 549 Pa. 501, 701 A.2d 566 (1997), the Supreme Court again examined its appellate jurisdiction to hear cases involving the right to hold public office. Spano was a borough constable who was removed from his position following a conviction for indecent assault. Spano appealed both his conviction and his removal from office to the Superior Court. The Superior Court concluded that, although it had jurisdiction to adjudicate Spano's appeal from his conviction, pursuant to Section 722 of the Judicial Code, exclusive appellate jurisdiction over Spano's removal from office rested with the Supreme Court. Accordingly, the Superior Court bifurcated the appeals, adjudicated the appeal following Spano's criminal conviction and transferred the remaining issues, concerning Spano's removal from office, to the Supreme Court.

Following the Superior Court's bifurcation of the appeal and its transfer of the appeal challenging his removal from office, the Supreme Court issued an opinion concluding that the Superior Court had jurisdiction to hear the appeal of Spano's removal from office because Spano was not a "public office" holder. Utilizing the analysis in *Bowers*, the Supreme Court concluded that Spano's appeal did not seek the review of his removal from a "public office" and, therefore, the Superior Court could hear the appeal. In a footnote, the Supreme Court indicated that the record did not support a finding that Spano had any policy-making or similar authority.

 In the present case, however, we believe that *Bowers* and *Spano* are clearly distinguishable. Unlike both *Bowers* and *Spano*, the present case presents the specter of uncertainty which arises when two individuals claim the same right to one appointed position. This uncertainty, and the accompanying need for immediate finality, was one of the public policy reasons offered by the Supreme Court in *Bowers*

for granting a direct appeal to that Court. Moreover, unlike the positions at issue in *Bowers* and *Spano,* a district superintendent of a school district and a constable, we believe that this present appeal most clearly involves a position that has policy-making and governmental duties, and, therefore, it properly belongs in the appellate jurisdiction of the Supreme Court pursuant to Section 722 of the Judicial Code.[3]

 Obviously, because of our conclusion that we lack jurisdiction to adjudicate the appeal, we will not address the merits of the appeal. We are not obligated to dismiss the present appeal, however, because we conclude that we lack jurisdiction to adjudicate it; rather, the proper remedy is to transfer the case to the court which has jurisdiction, in this case, the Supreme Court. *See* Pa. R.A.P. 751(a); Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103.

Accordingly, because the jurisdiction to hear this appeal properly rests in the Supreme Court, pursuant to Pa. R.A.P. 751 and Section 5103 of the Judicial Code, the case is transferred to the Supreme Court.[4]

### ORDER

**NOW**, August 19, 1999, pursuant to Pennsylvania Rule of Appellate Procedure 751(a) and Section 5103 of the Judicial Code, the above-captioned matter is hereby transferred to the appellate jurisdiction of the Pennsylvania Supreme Court.

Jurisdiction relinquished.

---

**3.** At oral argument, both parties offered their opinions that this Court does possess jurisdiction to adjudicate the appeal, and both parties likewise expressed a desire to have this Court adjudicate the appeal. These factors, however, cannot vest this or any court with jurisdiction which it does not otherwise possess.

*Commonwealth v. Saunders,* 483 Pa. 29, 394 A.2d 522 (1978).

**4.** We do not address the impact of our decision today on the precedential value of *Ross Township v. Menhorn* and its accompanying analysis.