**IN RE: PETITION TO REMOVE CONSTABLE DAVID VISOSKI.**

**Appeal of: Commonwealth of Pennsylvania.**

Superior Court of Pennsylvania.

Submitted April 14, 2004.

Filed June 7, 2004.

Lisa A. Gillick, Asst. Dist. Atty., Scranton, for Com., appellant.

1. 18 Pa.C.S.A. § 2705.

2. 18 Pa.C.S.A. § 2701(a)(3).

3. 18 Pa.C.S.A. § 5301(1).

Before: BENDER, McCAFFERY, and TAMILIA, JJ.

McCAFFERY, J.

¶ 1 In this appeal, we have been asked by the Commonwealth to decide whether the trial court properly denied its Petition to Remove Constable, filed pursuant to 13 P.S. § 31. Specifically, we must determine whether the trial court was empowered by the statute to review conduct committed while Appellee was acting in his capacity as Chief of the Lackawanna Valley Railway Police. Under the circumstances of this case, we hold that Appellee was not acting in his official capacity as Constable at the time of the offensive conduct. Accordingly, we affirm.

¶ 2 The relevant facts and procedural history of this appeal are as follows. Following a series of incidents which occurred during the summer of 2000, the Lackawanna County District Attorney's office charged Appellee, Constable David Visoski, with five counts of recklessly endangering another person[1], five counts of simple assault[2], and one count of official oppression.[3] Appellee waived his preliminary hearing. On October 29, 2002, Appellee entered a plea of *nolo contendere* to one count of official oppression.[4] The trial court sentenced Appellee to one year probation. As a condition of this sentence, Appellee was obliged to relinquish all firearms. The relevant facts leading to the charges, as set forth by the Honorable Michael J. Barasse, are as follows:

> During the year 2000, Visoski was employed as the Chief of the Lackawanna Valley Railway Police. At the same time, Visoski was also an elected Penn-

4. We note from the Criminal Complaint in the certified record that Appellee was acting at all relevant times in his official capacity as a Lackawanna Valley Railway police officer.

sylvania Constable. While employed as Chief, Visoski on three separate occasions pointed his loaded service revolver at various people. On July 9, 2000, Visoski pointed the loaded weapon at two trespassing males on ATV (All Terrain Vehicle) riders in Dunmore, Pennsylvania. On July 21, 2000, Visoski[ ] pointed his loaded revolver at a male riding an ATV in Jessup, Pennsylvania. Again on August 2, 2000, Visoski pointed a loaded handgun at two males riding ATV in the area of Elmhurst, Pennsylvania. In his police report of the incident, Visoski admitted to drawing his weapon.

(Trial Court Opinion, dated September 19, 2003, at 1–2).

¶ 3 On January 10, 2003, the Lackawanna County District Attorney's office filed a petition to remove Appellee as Constable. Appellee responded by filing a motion to quash the Commonwealth's petition, after which the District Attorney's office filed an amended petition. The trial court denied the Commonwealth's amended petition on September 19, 2003, and this appeal followed.

¶ 4 Appellant raises the following issue for our review:

> WHETHER [APPELLEE'S] ACTS OF MAL[F]EASANCE AND MISFEASANCE OCCURRED WHILE HE WAS "IN OFFICE" AS A PENNSYLVANIA CONSTABLE SO AS TO PERMIT A COURT TO REMOVE HIM FROM OFFICE AS CONSTABLE.

(Appellant's Brief at 1).

¶ 5 As a prefatory matter, we note that we are not limited by the trial court's reasoning, and we may affirm on any basis. *Blumenstock v. Gibson,* 811 A.2d

1029, 1033 (Pa.Super.2002) (citations omitted). Because the issue on appeal concerns the interpretation of a statute, it is purely a question of law, over which our review is plenary. *Malone v. Stonerook,* 843 A.2d 1278, 1280 (Pa.Super.2004) (citing *R.M. v. Baxter,* 565 Pa. 619, 624, 777 A.2d 446, 449 (2001)).

¶ 6 The trial court correctly noted that it was bound by statute when reviewing a petition to remove a constable from office. Specifically, 13 P.S. § 31 addresses the removal of a constable from office. The relevant portion of 13 P.S. § 31 provides as follows:

> The courts of quarter sessions of each county shall also have full power, ... to inquire into the official conduct of any constable of said county in cases other than charges against such constable of the existence in him of habits of intemperance or neglect of duty; and, in all cases where said court shall be satisfied that because of any act or acts of malfeasance or misfeasance in office committed by him, ... it shall be lawful for said courts, respectively, to decree the removal of such constable from office,
>
> ....

13 P.S. § 31. The trial court found that Appellee's conduct was, in fact, misfeasance.[5] (Trial Court Opinion at 4). The trial court then concluded, however, that Appellee had not been "in office" as a Constable at the times of the misfeasance, but rather that Appellee had been acting in his capacity as Chief of the Lackawanna Valley Railway Police at all relevant times. Thus, the trial court denied the Commonwealth's petition to remove Appellee from

---

**5.** "Misfeasance in office" has been defined as "[t]he performance by a public officer in his official capacity of a legal act in an improper or illegal manner...." *Commonwealth v. Dol-* *ny,* 235 Pa.Super. 241, 342 A.2d 399, 402 (1975) (*citing* Ballentine's Law Dictionary 806 (3d ed.1969)).

office. We are constrained to affirm [6], although for a different reason.

¶ 7 The Commonwealth does not dispute that Appellee was acting in his role as a railway police officer at the time of the incidents.[7] We look, then, to the statute, which commences with: "[t]he courts of quarter sessions of each county shall also have full power, ... to inquire into the **official conduct** of any constable of said county...". 13 P.S. § 31 (emphasis added). After a thorough review of the record, we conclude that the objectionable conduct did not occur while Appellee was acting in his official capacity as a constable but, rather, while acting as a railway police officer.[8] Consequently, it is our determination that the trial court did not have "full power ... to inquire" into Appellee's conduct. *See* 13 P.S. § 31. Because the trial court was not empowered to inquire into Appellee's conduct beyond determining whether the conduct was "official", the trial court properly denied the Commonwealth's petition. Accordingly, we affirm.

¶ 8 Order affirmed. Jurisdiction relinquished.

---

**6.** As aptly stated by Judge Barasse, this Court also "in no way condones or approves of [Appellee's] actions". Trial Court Opinion, 9/19/03, at 6. We strongly agree with the trial court that Appellee's behavior is troubling.

**7.** *See* Brief of Appellant, page 2, stating Appellee pointed his loaded revolver at individuals "while on duty as a railway policeman".

**8.** *See, e.g., Commonwealth v. Spano,* 451 Pa.Super. 226, 679 A.2d 240 (1996), *rev'd on other grounds,* 549 Pa. 501, 701 A.2d 566 (1997) (Supreme Court remanded to Superior Court to address appeal of constable's removal where constable convicted of indecent assault while acting in his capacity as a duly-elected constable).