IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Giovanni Seminerio        :
Appointment to Fill a Vacancy    :
in the Position of Constable       :
for Chestnuthill Township        : No. 98 C.D. 2017
                                  : Submitted: October 20, 2017
Appeal of: Giovanni Seminerio   :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE J. WESLEY OLER, JR., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                      FILED: November 15, 2017


       Giovanni Seminerio appeals the order of the Monroe County Court of Common Pleas (trial court) denying his petition to be appointed constable for Chestnuthill Township (Township), Monroe County, pursuant to Section 7121 of Title 44 of the Pennsylvania Consolidated Statutes (Act 49).[1]  We affirm.

---

[1] 44 Pa. C.S. §7121.  Section 7121 states:

> When a vacancy occurs in the office of constable, regardless of the reason for the vacancy, the court of common pleas of the county of the vacancy, upon petition of not less than ten qualified electors residing in the borough, city, ward or township of the vacancy, shall appoint a suitable person, who, upon being qualified as required by law, shall serve as the constable for the unexpired term of the vacancy.

On October 26, 2016, pursuant to Section 7121, Seminerio filed a petition to be appointed as constable for the Township.[2] In light of the duty imposed by Section 7121, that same day, the trial court issued an order outlining the procedure for the appointment of a constable following the filing of such a petition, including the submission of additional information and a hearing on the petition. Four candidates for the office, Seminerio, Adam Thieling, Bradley Mann, and Fernando Assis, submitted petitions and the additional information required by the trial court's order. On December 5, 2016, the trial court conducted a hearing with the four candidates, posing questions and giving each candidate the opportunity to present his qualifications for the position. On December 21, 2016, the trial court issued an order appointing Thieling as constable and Seminerio filed the instant appeal.[3]

On appeal, Seminerio argues that the trial court erred in: (1) establishing a procedure for the appointment of a constable in its October 26, 2016 order beyond the statutory requirements of Section 7121; (2) considering the additional information required by the October 26, 2016 order and submitted by the candidates that was not made part of the record; and (3) finding that Seminerio had waived any objection to the procedure established by the October 26, 2016 order resulting in Thieling's appointment.

---

[2] Seminerio had filed two prior unsuccessful petitions for appointment to that position.

[3] "'Our scope of review of a decision by a trial court is limited to a determination of whether the trial court abused its discretion, [and] committed an error of law or whether constitutional rights were violated. *Azzarrelli v. City of Scranton*, 655 A.2d 648 (Pa. Cmwlth. 1995).'" *In re: Lehigh County Constables*, ___ A.3d ___ (Pa. Cmwlth., No. 774 C.D. 2017, filed October 6, 2017), slip op. at 6 n.5 (citation omitted).

2

As a preliminary matter, Seminerio has filed a motion asking this Court to transfer[4] the instant matter to the Pennsylvania Supreme Court because it is within that Court's exclusive appellate jurisdiction under Section 722(2) of the Judicial Code, 42 Pa. C.S. §722(2). Specifically, Section 722(2) provides that "[t]he Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas" in cases involving "[t]he right to public office." *Id.* However, with respect to its exclusive appellate jurisdiction under Section 722(2), the Supreme Court has explained:

> In *Appeal of Bowers*[, 269 A.2d 712, 716-17 (Pa. 1970)], the court defined "public office" as an elective or appointive position in which the incumbent is exercising a governmental function which involves a measure of policy making and which is of general public importance. [] Because this case does not fall within the scope of a case involving the "right to public office," we need not decide whether a constable is a public officer under [Section 722(2)]. *We note, however, that the parties point to nothing in the record to suggest that* [*the elected borough constable*] *himself exercised any policy-making authority*.

*Commonwealth v. Spano*, 701 A.2d 566, 567 n.4 (Pa. 1997) (emphasis added).

Likewise, in the instant matter, there is nothing in the record to suggest that the office of constable relates to the exercise of any policy-making authority such that an appeal from the trial court's approval or denial of Seminerio's petition for appointment to that position would fall within the Supreme Court's exclusive

---

[4] *See* Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a) ("If an appeal . . . is taken to or brought in a court . . . which does not have jurisdiction of the appeal . . . the court . . . shall not quash such appeal . . . , but shall transfer the record thereof to the proper tribunal . . . where the appeal . . . shall be treated as if originally filed in the transferee tribunal . . . ."); Pa. R.A.P. 751(a) (same); Pa. R.A.P. 751(b) ("An appeal . . . may be transferred from a court to another court under this rule by order of court or by order of the prothonotary of any appellate court affected.").

3

appellate jurisdiction. As a result, we deny Seminerio's request to transfer this appeal to the Supreme Court.[5]

Finally, with respect to the merits of the claims raised by Seminerio in this appeal, after reviewing the record, Seminerio's brief, and the law, we conclude that the appellate issues have been ably resolved in the thorough and well-reasoned opinion of the Honorable Jonathan Mark. Therefore, we affirm the trial court's order on the basis of his opinion in the matter of *In re: Giovanni Seminerio,* (C.P. Monroe, 7722 CIVIL 2016, filed March 28, 2017).

_____
MICHAEL H. WOJCIK, Judge

---

[5] Moreover, this Court has routinely exercised jurisdiction over appeals involving the denial of such petitions. *See, e.g., In re Pender*, 25 A.3d 453 (Pa. Cmwlth. 2011); *In re Constable*, (Pa. Cmwlth., No. 1485 C.D. 2015, filed July 6, 2016).

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Giovanni Seminerio : 
Appointment to Fill a Vacancy : 
in the Position of Constable : 
for Chestnuthill Township : No. 98 C.D. 2017
 : 
Appeal of: Giovanni Seminerio : 

O R D E R

AND NOW, this 15th day of November, 2017, the order of the Monroe County Court of Common Pleas dated December 21, 2016, is AFFIRMED. Giovanni Seminerio's Motion to Transfer is DENIED.

_____
MICHAEL H. WOJCIK, Judge