IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Roy Truss           : No. 779 C.D. 2017
                               : Submitted: December 8, 2017


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE J. WESLEY OLER, Jr., Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: April 18, 2018


Roy Truss appeals the order of the Northampton County Court of Common Pleas (trial court) removing him as Constable for Moore Township, Northampton County, pursuant to Section 7172 of Title 44 of the Pennsylvania Consolidated Statutes.[1] We transfer the appeal.

Truss was elected in November 2015, and installed as Constable for Moore Township in 2016. On January 31, 2017, the Deputy Court Administrator for Northampton County received a complaint from Truss seeking to remove Deputy Constable Matthew Toso for insubordination, and a complaint from Toso seeking Truss's removal based on Truss's failure to maintain residency within his elected municipality and harassment. On February 10, 2017, Constable Douglas Fulmer

_____

[1] 44 Pa. C.S. §7172. Section 7172(a)(2) states, in relevant part, "A court of common pleas with competent jurisdiction may inquire into the official conduct of the constable if any of the following apply: . . . Any person files a verified petition alleging that the constable is incompetent to discharge official duties for a reason other than intemperance or neglect of duty." 44 Pa. C.S. §7172(a)(2). In turn, Section 7172(b)(1)(ii) provides, in pertinent part, "If the court determines that the constable is incompetent to discharge official duties, the following apply: . . . The court may: . . . remove the constable from office." 44 Pa. C.S. §7172(b)(1)(ii).

also filed a complaint seeking Truss's removal based on his failure to reside within the municipality. On March 21, 2017, the Constable Review Board (Board) conducted a hearing at which both Truss and Toso testified and presented evidence. On April 17, 2017, the Board ultimately issued Findings and Recommendations, determining that Truss should be removed as Constable because he failed to maintain residency in Moore Township and he engaged in a pattern of harassment against Toso. The Board determined that the complaint filed by Truss against Toso should be dismissed because Truss failed to sustain his burden of proof. Truss appealed the Board's Findings and Recommendations to the trial court, which, upon reviewing the record, entered an order on May 17, 2017, accepting the Board's Findings and Recommendations and directing that Truss be removed as Constable for Moore Township for failing to maintain residency in Moore Township and for incompetence and malfeasance in the discharge of his duties. Truss filed the instant appeal from the trial court's order.

As a preliminary matter, Truss has filed a motion asking this Court to transfer[2] the instant matter to the Pennsylvania Supreme Court because it is within that Court's exclusive appellate jurisdiction under Section 722(2) of the Judicial Code, 42 Pa. C.S. §722(2). Specifically, Section 722(2) provides that "[t]he Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas" in cases involving "[t]he right to public office." *Id.*

---

[2] *See* Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a) ("If an appeal . . . is taken to or brought in a court . . . which does not have jurisdiction of the appeal . . . the court . . . shall not quash such appeal . . . , but shall transfer the record thereof to the proper tribunal . . . where the appeal . . . shall be treated as if originally filed in the transferee tribunal . . . ."); Pa. R.A.P. 751(a) (same); Pa. R.A.P. 751(b) ("An appeal . . . may be transferred from a court to another court under this rule by order of court or by order of the prothonotary of any appellate court affected.").

However, with respect to its exclusive appellate jurisdiction under Section 722(2), the Supreme Court has explained:

> In *Appeal of Bowers*[, 269 A.2d 712, 716-17 (Pa. 1970)], the court defined "public office" as an elective or appointive position in which the incumbent is exercising a governmental function which involves a measure of policy making and which is of general public importance. [] Because this case does not fall within the scope of a case involving the "right to public office," we need not decide whether a constable is a public officer under [Section 722(2)]. *We note, however, that the parties point to nothing in the record to suggest that* [*the elected borough constable*] *himself exercised any policy-making authority.*

*Commonwealth v. Spano*, 701 A.2d 566, 567 n.4 (Pa. 1997) (emphasis added).

As a result, the Supreme Court concluded that jurisdiction over an appeal from a trial court's removal order is vested in the Superior Court:

> While *Appeal of Bowers* left open the possibility that an exception might exist to the general rule that appeals challenging the regularity of a discharge proceeding should be taken to the Superior Court, the parties have offered no reason why one should exist in this case. Therefore, this case is remanded to the Superior Court for a decision on the merits of Appellant's discharge from his position of borough constable.

*Spano*, 701 A.2d at 568 (footnote omitted).

Likewise, in the instant matter, there is nothing in the record to suggest that the office of constable relates to the exercise of any policy-making authority such that an appeal from the trial court's removal of Truss from that position would fall within the Supreme Court's exclusive appellate jurisdiction. As the Supreme Court explained, "Unless otherwise excepted, exclusive original jurisdiction over appeals from orders of the courts of common pleas lies with the Superior Court. 42

3

Pa. C.S. §742.[3]" *Spano*, 701 A.2d at 566. Moreover, the Superior Court has routinely exercised jurisdiction over appeals involving such removal actions. *See, e.g.*, *In re Petition to Remove Constable Visoski*, 852 A.2d 345 (Pa. Super. 2004); *In re Removal of Deputy Constable Page*, 205 A.2d 637 (Pa. Super. 1964). As a result, we deny Truss's request to transfer this appeal to the Supreme Court, but transfer the matter to the Superior Court.[4] *See, e.g.*, *Collier v. Marshall, Dennehey, Warner, Coleman & Goggin*, 592 A.2d 331 (Pa. 1990) ("[T]he Petition for Allowance of Appeal is granted. The order of the Commonwealth Court is vacated and the case is remanded to the Commonwealth Court with instructions to transfer the matter to the Superior Court for disposition.").

Accordingly, we transfer this appeal and the accompanying record to the Superior Court for disposition.

_____
MICHAEL H. WOJCIK, Judge

---

[3] Section 742 of the Judicial Code states:

> The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

42 Pa. C.S. §742.

[4] *See Spirit of the Avenger Ministries v. Commonwealth*, 767 A.2d 1130, 1131 n.4 (Pa. Cmwlth. 2001) (this Court has the obligation to *sua sponte* raise the issue of our jurisdiction).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Roy Truss                          :  No. 779 C.D. 2017

# **O R D E R**

AND NOW, this 18th day of April, 2018, the above-captioned appeal is TRANSFERRED to the Pennsylvania Superior Court for disposition.  The Chief Clerk is directed to certify a photocopy of the docket entries of the above matter and the record to the Superior Court Prothonotary.

Jurisdiction is RELINQUISHED.

_____
MICHAEL H. WOJCIK, Judge