J. A24039/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SOHAEL M. RASCHID, | : | No. 342 MDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, June 2, 2017,
in the Court of Common Pleas of Franklin County
Criminal Division at No. CP-28-CR-0001016-2015

BEFORE: OTT, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JUNE 27, 2019**

Sohael M. Raschid appeals from the June 2, 2017 aggregate judgment of sentence of 30 to 95 years' imprisonment imposed after a jury found him guilty of the following 14 offenses: criminal attempt – rape of a substantially impaired person; rape of a substantially impaired person; sexual assault; involuntary deviate sexual intercourse ("IDSI") – substantially impaired person; IDSI – person less than 16 years old; indecent assault – substantially impaired person; indecent assault – person less than 16 years old; three counts of unauthorized administration of intoxicant; and two counts each of furnishing liquor or malt or brewed beverages to a minor and unlawful

administration of a controlled substance by a practitioner.[1]  After careful review, we affirm the judgment of sentence.

The factual history underlying these convictions was set forth at great length in the trial court's January 22, 2018 opinion in support of its order denying appellant's post-sentence motion, and need not be reiterated here. (**See** trial court opinion, 1/22/18 at 6-22.)  The trial court summarized the relevant procedural history of this case as follows:

> [Appellant] was charged on March 22, 2015 by the Pennsylvania State Police for incidents involving four complainants (K.R., [S.M., C.N., and A.P.[2]]) alleged to have occurred on April 25, 2014, May 10, 2014, December 17, 2014, and March 22, 2015, respectively.  The charges generally involved allegations that [appellant] administered one or more controlled substances to the victims rendering them unconscious or unable to respond, and then commit[ed] or attempt[ed] to commit sexual offenses on the victims.
>
> . . . .
>
> On January 4, 2016, [appellant] filed an **Omnibus** Pretrial Motion.  The court scheduled hearing and argument for March 11, 2016; the Commonwealth was directed to file an answer within 20 days.  On January 4, 2016, the Commonwealth filed a Motion to Consolidate Bills of Information.  The following day, this court ordered that hearing on the

---

[1] 18 Pa.C.S.A. §§ 901(a), 3121(a)(4), 3124.1, 3123(a)(4), 3123(a)(7), 3126(a)(5), 3126(a)(8), 2714, 6310.1(a), and 35 P.S. § 780-113(a)(14), respectively.

[2] K.R. was 13 years old at the time of the assault and knew appellant in his capacity as her gynecologist; S.M. was a former employee and girlfriend of appellant; and C.N. and A.P. are both former patients of appellant.  (Notes of testimony, 2/20/17 at 53; 2/21/17 at 23, 30-31; and 2/23/17 at 5-6, 212.)

Commonwealth's Motion be scheduled for March 11, 2016.

. . . .

On March 11, 2016, the hearing was held on [appellant]'s **Omnibus** Pretrial Motion as well as the Commonwealth's Motion to Consolidate Bills of Information. Counsel for both sides were granted leave to submit legal briefs not later than April 8, 2016. . . .

. . . .

On April 20, 2016, this court issued a written opinion, granting in part and denying in part the Commonwealth's Motion to Consolidate Bills of Information. On June 24, 2016, this court issued its decision granting in part and denying in part [appellant's] **Omnibus** Pretrial Motion.

On March 1, 2017, following an eight-day jury trial, [appellant] was found guilty of [the aforementioned] fourteen counts[.] . . . [Appellant] was acquitted as to all charges filed at docket CP-28-CR-0001017-2015.[Footnote 5] The court directed counsel for both sides to submit pre-sentence memoranda regarding merger for sentencing purposes and scheduled sentencing for June 2, 2017. The court also directed the Franklin County Adult Probation Department to prepare a Pre-Sentence Investigation Report (PSI). Counsel for both sides were granted leave to file their memoranda not later than May 19, 2017.

> [Footnote 5] This docket related to offenses involving alleged victim [A.P.].

On June 2, 2017, after three hours of testimony and argument this court sentenced [appellant] to an aggregate term of not less than 360 months (30 years) to not more than 1,140 months (95 years) in a State Correctional Institution. . . .

> On October 5, 2017, [appellant] filed [] timely Optional Post-Sentence Motions Pursuant to Pa.R.Crim.P. 720(B) (Post-Sentence Motion), raising challenges to the sufficiency and the weight of the evidence. On October 6, 2017, the court directed the Commonwealth to file an answer not later than October 27, 2017. The Commonwealth timely complied.
>
> On January 22, 2018, this court issued its Opinion and Order denying [appellant's] Post-Sentence Motion. On February 21, 2018, [appellant] filed the instant notice of appeal.[3]

Trial court Rule 1925(a) opinion, 4/11/18 at 1-6 (some footnotes, emphasis, and extraneous capitalization omitted).

Appellant raises the following issues for our review:

1. Whether the trial court abused its discretion when it consolidated cases related to four alleged victims that included 24 counts for one trial before a jury, despite the fact that the cases and crimes charges [sic] were distinct from each other, arose out of different circumstances, and evidence of each case would not be admissible at a separate trial for the other?

2. Whether the trial court abused its discretion in overruling defense counsel's objection and admitting testimony and reports relating to blood test evidence in the face of confusion over the time the sample was taken, the identification of the vial, and lack of proof of a chain of custody?

3. [Whether] the trial court abused its discretion when it sentenced appellant to minimum sentences at the aggravated level, to be served consecutively, resulting in sentences totaling

---

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

360 to 1,140 months, ignoring the appellant's lack of a prior record, his prior long service as a physician, the pre-sentence investigation, and recommended sentences?

4. Did the trial court abuse its discretion when it sentenced appellant to an aggregate sentence of [360 to 1,140] months in a state correctional institution, which is at the top of the standard range of sentences, is a departure above what was recommended by the probation department as a result of the pre–sentence investigation, and fails to consider the mitigating factors present in this case?

5. The court erred in allowing, over trial counsel's objection, the Commonwealth and its witnesses to refer to [C.N., S.M.,] and K.R. as the "victim," creating an improper inference that the district attorney, the police, and scientific experts, and possibly the court, believed the "victims[?"]

Appellant's brief at 12 (full capitalization omitted).

## I. Consolidation

Appellant first argues that the trial court abused its discretion in granting, albeit in part, the Commonwealth's motion to consolidate the charges filed at Docket Numbers CP-28-CR-0001016-2015 and CP-28-CR-0001017-2015. (*Id.* at 20.) In support of this contention, appellant avers that,

[g]iven confusing testimony about different alleged events, different alleged victims, and confusion about blood samples and tests, hundreds of Commonwealth Exhibits, and seven days of testimony followed by lengthy closings on the eighth day, the facts were not

> capable of separation by the jury so that there is no danger of confusion.

*Id.* (internal quotation marks omitted).

The decision of "[w]hether or not separate indictments should be consolidated for trial is within the sole discretion of the trial court and such discretion will be reversed only for a manifest abuse of discretion or prejudice and clear injustice to the defendant." ***Commonwealth v. Johnson***, 179 A.3d 1105, 1115 (Pa.Super. 2018), ***appeal denied***, 197 A.3d 1174 (Pa. 2018). Pennsylvania Rule of Criminal Procedure 582 governs the joinder of cases for trial and provides, in relevant part, that "offenses charged in separate indictments or informations may be tried together if . . . the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion[.]" Pa.R.Crim.P. 582(A)(1)(a).

Instantly, we find no merit to appellant's contention that the trial court abused its discretion in consolidating these cases for trial. As recognized by the trial court, appellant acquiesced to the trial court's consolidation of the offenses filed at Nos. CP-28-CR-0001016-2015 and CP-28-CR-0001017-2015, with certain exceptions that the trial court ultimately sustained. (***See*** trial court opinion, 4/20/16 at 18-20.) In his brief filed in opposition to the Commonwealth's consolidation motion, appellant acknowledged as follows:

> **[Appellant] does not oppose consolidation as to all but** Count 17 at Docket Number CR-1016-15 [(relating to a charge of possession with intent to

deliver marijuana)] and Counts 5-10 at Docket Number CR-1008-15 [(relating to charges filed with respect to R.S., who is not a complainant in this matter)].

Appellant's "Proposed Findings of Fact and Briefs in Support of [Appellant's] *Omnibus* Pretrial Motions and in Opposition to Commonwealth's Motion to Consolidate Bills of Information," 4/11/16 at 71 (emphasis added).

Based on the foregoing, appellant's first claim of trial court error must fail.

## II.    Admissibility of C.N.'s Blood Test Evidence and Chain of Custody

Appellant next contends that the trial court abused its discretion in admitting into evidence, over his counsel's objection, "expert testimony and a report relating to the blood draw from [C.N.]" that showed a high concentration of Zolpidem[4] in her system. (Appellant's brief at 26.) For the reasons that follow, we find that this claim is entirely devoid of merit.

"Generally speaking, the admission of expert testimony is a matter left largely to the discretion of the trial court, and its rulings thereon will not be reversed absent an abuse of discretion." *Commonwealth v. Watson*, 945 A.2d 174, 176 (Pa.Super. 2008) (citations omitted).

> The threshold inquiry with admission of evidence is whether the evidence is relevant. Evidence is relevant if it logically tends to establish a material fact in the

---

[4] Zolpidem, more commonly known known as Ambien, is a drug that is utilized to improve sleep in patients with insomnia. (**See** notes of testimony, 2/27/17 at 41.)

case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact.

***Commonwealth v. Antidormi***, 84 A.3d 736, 750 (Pa.Super. 2014) (citations and internal quotation marks omitted), ***appeal denied***, 95 A.3d 275 (Pa. 2014). "An expert's testimony is admissible when it is based on facts of record and will not cause confusion or prejudice." ***Watson***, 945 A.2d at 176 (citation omitted).

In the instant matter, the Commonwealth introduced the expert testimony of Dr. Edward Barbieri, a forensic toxicologist at NMS Labs who reviewed the analysis of C.N.'s blood and drew conclusions therefrom. (Notes of testimony, 2/27/17 at 12-13, 23.) Dr. Barbieri testified at trial that a very high dosage of Zolpidem was found in C.N.'s blood immediately after she reported to the hospital at 1:05 a.m., and again at 5:00 p.m., on December 18, 2014. (***Id.*** at 44-45.) Dr. Barbieri opined that Zolpidem is among the top 50 drugs used to facilitate sexual assault in the United States. (***Id.*** at 44.) Dr. Barbieri further testified that he observed the photograph of a bottle of Zolpidem containing 10-milligram tablets that was seized during a search of appellant's residence on December 23, 2014. (***Id.***; ***see also*** notes of testimony, 2/21/17 at 138.)

Appellant's objection to this testimony was based upon his belief that it was not relevant because "[an] expert can only rely on information . . . that's reasonably relied on by people in the field and if there's a problem with the

chain of custody . . . [t]here's also not a sufficient basis to present expert testimony on that specimen."  (Notes of testimony, 2/27/17 at 4-5.)

Appellant avers that this expert testimony and a report upon which it was based should have been excluded because,

> [t]here was confused and inconclusive testimony as to whether the test was from [C.N.'s] first visit to the hospital, or subsequent visit to the hospital, whether the "gray top tube" was the one tested, or from the first blood draw.

Appellant's brief at 26-27 (citation omitted).

Our review of the record, however, reveals at the time appellant lodged his objection, he had already admitted into evidence C.N.'s toxicology results. Specifically, on the second day of his jury trial, appellant moved for the admission of an NMS toxicology report signed by Dr. Barbieri that contained an analysis of C.N.'s blood and urine, and an NMS forensic case log, detailing the chain of custody information for the subject blood vials.  (**See** notes of testimony, 2/21/17 at 260-261.)  The trial court admitted both without objection from the Commonwealth.  (**Id.**)  Based on the forgoing, we agree with the trial court that "[i]t would seem axiomatic that a party cannot be heard to complain about testimony concerning an expert report that they, themselves, admitted into evidence."  (**See** trial court Rule 1925(a) opinion, 4/11/18 at 44.)

Moreover, we find no basis upon which to disturb the trial court's comprehensive and well-reasoned findings on chain-of-custody evidence in

this case. It is well settled that "any issue regarding gaps in the chain of custody relate to **the weight of the evidence**, not its admissibility." ***Commonwealth v. Witmayer***, 144 A.3d 939, 950 (Pa.Super. 2016) (citations omitted; emphasis added), ***appeal denied***, 169 A.3d 27 (Pa. 2017). Here, the trial court found "that the question of the gray-top tube did not undermine the mountain of other reliable chain of custody evidence to the point that the trier of fact could not make a reasonable inference that it was [C.N.'s] blood that was tested." (Trial court Rule 1925(a) opinion, 4/11/18 at 44.) In support of this conclusion, the trial court stated as follows:

> There was ample evidence presented by the Commonwealth that the blood actually drawn at the Carlisle Regional Medical Center from [C.N.] was, in fact, the blood surrendered to [Trooper Courtney] Pat[t]illo. There was ample evidence that the blood taken by [Trooper Pattillo] and placed into evidence at PSP Chambersburg was, in fact, the blood given to him by the Carlisle Regional Medical Center. There was ample evidence presented by the Commonwealth that the blood taken from PSP Chambersburg's evidence room by [Trooper Michael] Dick was, in fact, the blood placed there by [Trooper Pattillo]. There was ample evidence presented by the Commonwealth that the blood vials taken from the evidence room at PSP Chambersburg by [Trooper] Dick were, in fact, the vials he turned over to the Chambersburg Hospital. There was ample evidence presented by the Commonwealth that the vials received by the Chambersburg Hospital were, in fact, the ones sent to and received by NMS labs. Most importantly, there was evidence that the blood vials received by NMS labs were labeled with [C.N.'s] name, sealed, dated and initialed.

***Id.*** at 42-43.

Although appellant raised the possibility that "there was a critical break in the chain of custody," citing ***Commonwealth v. Hess***, 666 A.2d 705 (Pa.Super. 1995), ***appeal denied***, 674 A.2d 1067 (Pa. 1996), these specific allegations went to the weight — not the admissibility — of the evidence. We are precluded from reweighing the evidence and substituting our judgment for that of the trier of fact. ***See***, ***e.g.***, ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013).

Based on all of the foregoing reasons, we discern no abuse of discretion on the part of the trial court in overruling appellant's objection to the admission of reports analyzing C.N.'s blood draw, as well as the expert testimony related to it.

## III.   Challenges to Discretionary Aspects of Sentence

We now turn to appellant's challenges to the discretionary aspects of his sentence. Specifically, appellant contends that the trial court abused its discretion in sentencing him to an aggregate term of 30 to 95 years' imprisonment without first considering several mitigating factors, including his rehabilitative needs and character, as well as his "lack of a prior record, his prior long service as a physician, the [PSI report], and [the] recommended sentences[.]" (Appellant's brief at 27-31.)

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Allen***, 24 A.3d 1058,

1064 (Pa.Super. 2011). On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Carrillo-Diaz**, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Here, the record reveals that appellant filed a timely notice of appeal on February 21, 2018, and included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). (**See** appellant's brief at 18-19.) Appellant, however, failed to preserve his sentencing claims by raising them at the June 2, 2017 sentencing hearing or in his October 5, 2017 post-sentence motion. (**See** notes of testimony, 6/2/17 at 84-103; post-sentence motion, 10/5/17.[5]) Accordingly, appellant's challenges to the discretionary aspects of his sentence are waived. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa.Super. 2013) (stating, "issues challenging

---

[5] Specifically, appellant raised the following claims in his October 5, 2017 post-sentence motion: a motion for judgment of acquittal based upon insufficient evidence; and a motion for a new trial claiming the verdicts were against the weight of the evidence. (Post-sentence motion, 10/5/17 at §§ II-III.)

the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." (citation omitted)).

## IV.    Reference to Complainants as "Victims"

In his final claim, appellant inexplicably argues that the trial court abused its discretion in allowing Assistant District Attorney Lauren Sulcove and Commonwealth witness Trooper Lindsey Trace to refer to complainants C.N., S.M., and K.R. as "victims." (Appellant's brief at 32; **see also** notes of testimony, 2/23/17 at 205-206.) Appellant avers that in doing so, the trial court "creat[ed] an improper inference [to the jury] that the District Attorney, the police, and scientific experts, and possibly the court, believed the 'victims.'" (**Id.**)

It is well settled that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Commonwealth v. Rahman**, 75 A.3d 497, 504 (Pa.Super. 2013) (citation omitted). Here, appellant's argument on this issue is comprised of four scant sentences and does not include a single citation to legal authority to support

his contention.  (**See** appellant's brief at 32.)   Accordingly, this claim is waived.[6]

Judgment of sentence affirmed.

---

[6] Even if appellant had not waived his claim, he has failed to establish how the use of the word "victim" at trial was inherently prejudicial to him.  As recognized by the trial court, the "[r]eference to the prosecutrix in a rape case as 'the victim' is not an expression of the judge's opinion as to the guilt of the defendant."  (**See** trial court opinion, 4/11/18 at 48, citing **Commonwealth v. Williams**, 439 A.2d 765, 768 (Pa.Super. 1982).)  Moreover, we note that any potential prejudice that may have resulted from Trooper Trace's reference to the complainants as "victims" was cured by the following cautionary instruction to the jury:

> Ladies and gentlemen of the jury, [appellant's trial counsel] made an objection regarding the use of the term victim as opposed to the alleged victim and I just want to give you an instruction on that.
>
> While I overruled the objection, I want you to understand that simply because an attorney or a witness or somebody is referred to refers to another individual as a victim is not evidence in and of itself that a crime occurred or that [appellant] had anything to do with it. You will be asked at the end of this trial to make that determination based in your deliberations after the close of all the evidence, after you've received my instructions and you'll be the ones deciding that.  Not the Commonwealth, not the defense, not the witnesses and not me.  All right.

Notes of testimony, 2/23/17 at 207-208.

Accordingly, appellant's claim fails.  **See Commonwealth v. Hairston**, 84 A.3d 657, 666 (Pa. 2014) (stating, "[w]hen examining the potential for undue prejudice, a cautionary jury instruction may ameliorate the prejudicial effect of the proffered evidence." (citation omitted)), **cert. denied**, 135 S.Ct. 164 (2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>06/27/2019</u>