J-S16010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                    :            PENNSYLVANIA
                                                    :
                  v.                                :
                                                    :
                                                    :
SHEELITA GASKINS                       :
                                                    :
                    Appellant              :      No. 2135 EDA 2017

Appeal from the Judgment of Sentence May 11, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003506-2015

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.
MEMORANDUM BY DUBOW, J.:                    **FILED MAY 13, 2020**

Appellant, Sheelita Gaskins, appeals from the Judgment of Sentence entered after a jury convicted her of one count of Possession with Intent to Distribute ("PWID") (heroin), one count of PWID (cocaine), and one count of Conspiracy to PWID. She challenges the denial of her Motion to Preclude Evidence, and certain evidentiary rulings. We affirm.

We glean the following factual and procedural history from the trial court's Opinion and the certified record. On May 27, 2015, in connection with

a drug investigation of Maurice Grannum,[1] police officers from the Ridley Township Police Force and the Delaware County Criminal Investigations Division, Drug Task Force, including Detective Shawn Brydges, executed a search warrant of Appellant and Grannum's shared home in Colwyn. When the officers entered a bedroom on the second floor, they discovered Appellant sitting on the bed surrounded by 10 bundles of heroin[2] and packaging materials. In the kitchen, officers found 3 digital scales on the table, a cutting agent for cocaine under the sink, and drug packaging materials. In the living room, they found a shoebox with at least 50 bundles of heroin, small amounts of cocaine and marijuana, $700 in cash, and small empty clear baggies for packaging. In the spare bedroom, officers recovered at least 20 bundles of heroin. In the basement, officers recovered a loaded 9 mm handgun from a shoebox.

In all, police confiscated more than 1,000 small bags of heroin from Appellant's home, some stamped with unique brand names, including: "Tony Montana," "Captain America," and "Popeye." In his police report, Detective Brydges identified 1,108 bags of heroin seized from the home.

---

[1] The investigation involved surveillance of the residence shared by Appellant and Grannum, the use of confidential informants, and controlled narcotics buys from Grannum at the residence.

[2] One "bundle" of heroin is comprised of 10-14 tiny baggies of the drug. N.T., 3/1/17, at 12, 149.

The Commonwealth arrested Appellant and charged her with two counts of PWID, and one count each of Intentionally Possessing a Controlled Substance by a Person Not Registered, Use or Possession of Drug Paraphernalia, and Conspiracy to PWID.[3] Appellant's first trial ended with a hung jury.[4, 5]

The court scheduled Appellant's second trial for February 28, 2017. On February 24, 2017, Appellant filed a pre-trial Motion to Preclude Evidence. The Motion sought preclusion of the heroin evidence because Detective Brydges documented that he recovered 1,108 little bags of drugs from the house and the forensic crime lab reported that it actually received 113 more bags than the police had documented.

The court heard oral argument on the Motion just before trial on February 28, 2017. Appellant's attorney argued that the drug evidence should be precluded based on the discrepancy between the police report's count of the bags seized and the lab's count of the bags received. Counsel argued that the Commonwealth could not authenticate "that the drugs they are purporting to present at trial are the same drugs that were retrieved from the property."

---

[3] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), 780-113(a)(32), and 18 Pa.C.S. § 903, respectively.

[4] The same judge presided over Appellant's two trials.

[5] Grannum, who was also charged with numerous drug offenses, pled guilty in a separate proceeding.

N.T., 2/28/17, at 6.[6] The Commonwealth responded that the lab technician alerted the state police to the actual number of bags she received, informed it that Officer Brydges inaccurately counted the sealed evidence, and wrote the correct number on the lab report. *Id*. at 7. The Commonwealth and Appellant's counsel each noted that the trial court was not required to preclude evidence if there is a gap in the chain of custody; rather, the jury may consider the gap in determining the weight of the evidence. *See id.* at 6, 8. After stating that the determination ultimately pertained to the weight of the evidence, the court concluded that the Commonwealth had established an acceptable chain of custody to allow the admission of the heroin evidence at trial. The court also noted that Appellant's counsel would have a "fertile field" for cross-examination. *Id*. at 9. The trial court denied the Motion, and the jury trial commenced.

At trial, Detective Brydges testified generally about the investigation of Grannum that ultimately led to the search of Appellant's home. Detective Brydges also testified that he (1) counted the little baggies in the bundles but they are so small that they sometimes stick together; (2) witnessed the sealing of the evidence bag that contained the seized heroin; and (3) personally placed the sealed bag into the secure evidence room at the police

---

[6] At her first trial with different counsel but the same judge, Appellant stipulated that the chain of custody she now challenges had been established. *See* Comm. Exh. 33.

station. *See* N.T., 3/1/17, at 21-40. He also explained that the officers did not prepare a drug inventory at the Appellant's home due to the high number of baggies recovered; Detective Brydges instead counted the baggies at the police station and listed the confiscated evidence in his police report. *Id*. at 27. He also testified that the photograph admitted as Defense Exhibit 3 showed all of the evidence seized from Appellant's home.

Officer Borak, the manager of the evidence storeroom in the secure evidence room, testified that he transported the sealed evidence to and from the Lima Crime lab, and to and from the evidence room for trial. *Id*. at 118-123.

Kristin Staines, a forensic scientist with the Pennsylvania State Police who qualified as an expert, testified that she tested the evidence in this case, including the number of baggies received, and that the baggies containing heroin that was tested were stamped with "Popeye," "Tony Montana," and "Captain America" brand names. *Id*. at 136-140.

On March 1, 2017, the jury found Appellant guilty of two counts of PWID and Conspiracy. On May 11, 2017, the court sentenced Appellant to an aggregate term of 23 months' Intermediate Punishment and 5 years' probation. Appellant filed a timely Post-Sentence Motion, which the trial court denied.

Appellant timely appealed and submitted a Pa.R.A.P. 1925(b) Statement. The court filed a responsive Rule 1925(a) Opinion.

Appellant raises the following issues for our review:

1. The [t]rial [c]ourt erred in denying Appellant's pre-trial motion to preclude physical evidence.

2. The [t]rial [c]ourt erred because the evidence elicited at trial was insufficient to convict Appellant of the applicable charges.

3. The [t]rial [c]ourt erred as the trial verdict was against the weight of the evidence.

4. The [t]rial [c]ourt erred by sustaining Commonwealth objections to defense counsel's questioning of Detective Brydges regarding the police investigation into the co-defendant preceding the execution of the search warrant.

5. The [t]rial [c]ourt erred by sustaining Commonwealth objections to defense counsel's questions of Detective Brydges regarding conversations with the Confidential Informant, that were not hearsay.

6. The [t]rial [c]ourt erred by sustaining Commonwealth objections to defense counsel's questions of Detective Brydges regarding the co-defendant's involvement in the instant matter.

Appellant's Brief at 5.[7]

---

[7] Appellant set out argument in her Brief of only Issues 1, 4, 5, and 6. The Rules of Appellate Procedure state unequivocally that an appellant is to support each question with a discussion and analysis of pertinent authority. *See* Pa.R.A.P. 2119(a). Because Appellant set out no argument for Issues 2 and 3, we conclude she has waived these issues.

**Issue 1 – Motion to Preclude Evidence**

In her first issue, Appellant contends that the trial court should have precluded the heroin at trial because of the discrepancy in the number of small bags recorded by Detective Brydges in his police report and the number of the bags received by the forensic lab for testing. Appellant's Brief at 12.[8]

We review evidentiary rulings under the following well-settled standard:

> The admissibility of evidence is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

***Commonwealth v. Johnson***, 42 A.3d 1017, 1027 (Pa. 2012) (citations and quotation marks omitted).

"To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." ***Commonwealth v. Lopez***, 57 A.3d 74, 81 (Pa. Super. 2012) (citation omitted). "Physical evidence may be admitted at trial without demonstrating to an absolute certainty the precise chain of custody; the evidence need only

---

[8] Appellant provides a somewhat disjointed and incomplete summary of Detective Brydges' testimony presented at both of her trials, but fails to provide citation to the notes of testimony. ***See*** Pa.R.A.P. 2116(a)(4), (c)(4), and 2117(c) (requiring citation to record). Although we could find this issue waived because of this failure, we were able to discern her argument through our review of the record. Accordingly, we decline to find this issue waived.

establish a reasonable inference" "that the identity and condition of the exhibits remain unimpaired until they were surrendered to the court." **_Commonwealth v. Morrow_**, 650 A.2d 907, 912 (Pa. Super. 1994); **_Commonwealth v. Martin_**, 419 A.2d 795, 797-98 (Pa. Super. 1980) (citation omitted). There is no requirement that the Commonwealth establish the sanctity of its exhibits beyond all moral certainty. **_Commonwealth v Miller_**, 371 A.2d 1362, 1365 (Pa. Super. 1977). Moreover, "any gaps in the chain of custody ... go to the weight of the evidence[.]" **_Commonwealth v. Dunston_**, 437 A.2d 1178, 1179 (Pa. 1981). "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, part, or none of the evidence, and to assess the credibility of witnesses." **_Commonwealth v. Treiber_**, 874 A.2d 26, 30 (Pa. 2005).

Appellant avers that the trial court should have granted her Motion to Preclude because the Commonwealth "failed to establish that the drugs tested by the State Police in this matter are the same drugs recovered from the residence." Appellants Brief at 12. In asserting that the Commonwealth failed to meet the threshold burden as it pertained to chain of custody, she relies on **_Commonwealth v. Hess_**, 666 A.2d 705 (Pa. Super. 1995), a case that is easily distinguished from the instant case. Appellant's Brief at 10-11.

In **_Hess_**, following a vehicle accident, the driver/appellant underwent two separate blood alcohol tests. At trial, the Commonwealth presented conflicting testimony from three different police officers and the forensic

- 8 -

scientist regarding the second blood draw, specifically how many vials were drawn, how many vials were transported to the lab, and how many vials were tested. The trial court admitted the evidence of both the first and second blood draws. On appeal, this Court concluded that the discrepancy in the number of vials in the second blood draw "calls into question the identity of the blood tested" so "the evidence regarding the second blood test was unreliable and should have been excluded." *Id*. at 709. The Court also concluded, however, that the error was harmless because the crime was established with, *inter alia*, the results of the first blood draw.

Here, notwithstanding the discrepancy in the number of baggies seized, there was other evidence to establish that the baggies of heroin tested were seized from Appellant's home. The admitted evidence established that the baggies found at Appellant's home and those tested by the lab were stamped with the branding names "Popeye," "Captain America," and "Tony Montana." *See* N.T., 3/1/17, at 138-140 (Kristin Staines's testimony); Exh. C-8 (lab inventory report); *id*. at 21-22, 37-38 (Brydges's testimony re: "Popeye"). Testimony also established that Brydges observed his partner, Detective Scanlon, seal the evidence after Brydges counted the baggies at the police station, and the evidence remained sealed during transport.

Moreover, the evidence found credible by the jury was that Detective Brydges inaccurately counted the small baggies prior to the sealing of the evidence container. Detective Brydges explained the reason for his error,

emphasizing the small size of each baggie and the difficulty in separating such tiny bags when they are stored in bundles. He also testified that he never added any bags to the lot before the evidence was sealed. **See** N.T. at 30-33. In addition, the jury, as factfinder, saw photos of the actual evidence to corroborate Detective Brydges's statement. **See** Def. Exh. 3. Finally, Detective Borak and the forensic scientist each provided corroborating testimony that they observed the evidence sealed at all times. **Id**. at 123-24.

In sum, as demonstrated by the verdict, the jury found Detective Brydges' explanation for the inaccurate count credible, indicating that it gave no weight to the discrepancy in the number of bags in its determination that the Commonwealth proved that the evidence seized and tested from Appellant's home was heroin. Accordingly, we conclude Appellant's challenge to the admission of the evidence based on a chain of custody issue warrants no relief.

### Issues 4, 5, and 6 – Trial Court's sustaining Commonwealth's objections to certain testimony

Appellant next asserts that the trial court erred in sustaining certain Commonwealth objections to evidence. Specifically, Appellant asserts that she should have been able to question Detective Brydges regarding his interactions with Maurice Grannum and the confidential informant involved in the investigation that led to the search warrant of Appellant's house. Appellant's Brief at 12, 14-15.

Appellant has failed to comply with our rules of appellate procedure. For instance, Appellant provides no citation to the notes of testimony. In addition, Appellant makes summary pronouncements of law without citing legal authority to support them. ***See***, ***e.g***., ***id***. at 14 ("by law all evidence in the one matter is admissible at the trial of the other," and "the mere fact that Mr. Grannum pled guilty prior to trial in no way places an evidentiary prohibition on the admissible evidence of the other."). ***See also*** Pa.R.A.P. 2119(a) (requiring citation to authority deemed pertinent to the issue raised).[9] As a result of Appellant's failure to comply with the rules of appellate procedure, we are unable to provide meaningful review. ***See Commonwealth v. Franklin***, 823 A.2d 906, 910 (Pa. Super. 2003) (noting that, where an Appellant's argument rests on evidence in the record, he must make appropriate references to the record in his argument to sufficiently develop and preserve his argument for review); ***Commonwealth v. Murchinson***, 899 A.2d 1159, 1162 (Pa. Super. 2006) (deeming appellant's claims waived under Pa.R.A.P. 2119(a) because, *inter alia*, he did not develop meaningful argument with specific references to relevant case law and to the record to support his claims); ***see also Commonwealth v. Heilman***, 867 A.2d 542, 546 (Pa. Super. 2005) (recognizing that the failure to provide "such discussion

---

[9] In an attempt to argue why the court erroneously precluded the evidence, Appellant cites cases defining PWID, conspiracy, joinder, and mere presence at a crime scene. ***See*** Appellant's Brief at 13-14.

and citation of authorities as are deemed pertinent" may result in waiver); ***Commonwealth v. Cornelius***, 856 A.2d 62, 77 (Pa. Super. 2004) (declining to review appellant's claim where there was limited explanation and development of the argument). Accordingly, Appellant has waived her remaining issues.

In conclusion, the trial court did not abuse its discretion when it denied Appellant's Motion to Preclude Evidence. Further, we conclude that Appellant's remaining issues are waived. We, thus, affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/13/2020*